## TOLIN ET AL. *v.* JONES, AUDITOR, ET. AL.

[No. 5,088. Filed June 28, 1904.]

DRAINS.—*Allowance for Ditch Partially Constructed.*—The board of county commissioners have no authority after the report of the viewers in a ditch proceeding has been made and filed to allow a credit on assessments made for work already done. *pp. 430, 431.*

SAME.—*Credits for Work Previously Done.—Does Not Affect Validity of Assessments.*—The allowance of a credit on assessments made for a drain by the board of commissioners after the report of the viewers was made for work previously done, in no way affected the validity of the final order as a whole. *p. 431.*

SAME.—*Remonstrance.—Time of Filing.*—If a remonstrance to the construction of a ditch is not filed within the time fixed by §5665 Burns 1901, the right to remonstrate is lost. *pp. 431, 432.*

SAME.—*Agreement as to Time of Construction.*—An agreement between the petitioners and the remonstrator that the lands of the latter should not be entered upon between certain dates named for the construction of a ditch is valid in the absence of any mistake or fraud. *pp. 432, 433.*

SAME.—*No Allotment.—Final Report.*—The fact that viewers did not allot a ditch, but recommended that it be let as an entirety, does not dispense with the final report as provided for by §5670 Burns 1901. *p. 433.*

From Newton Circuit Court; *C. W. Hanley,* Judge.

. Suit by Alexander B. Tolin and others to enjoin Schuyler C. Jones as auditor of Newton county from letting a contract for the construction of a ditch. From a judgment dissolving a temporary restraining order, plaintiffs appeal. *Affirmed.*

*E. E. Stevenson* and *William Cummings,* for appellants.
*Daniel Fraser, Will Isham, C. E. Barrett* and *F. E. Barrett,* for appellees.

ROBINSON, J.—Transferred from the Supreme Court under §1337m Burns 1901. Suit by appellants to enjoin the county auditor from letting or entering into a contract for the construction of a public ditch.

The facts found by the court are substantially as follows: . On April 7, 1902, appellants and others filed their peti-

tion and a bond for the construction of a ditch. At the regular April, 1902, session of the board of county commissioners, the board appointed viewers and an engineer, who met and found the drainage proposed to be of public utility, surveyed the route, set stakes, estimated the excavation to be made, and found the total cost to be $14,558.70, and also that the total special benefits amounted to $17,122, and assessed several tracts of land affected by the proposed work; that the report contained the following: "Owing to the fact that the only practical way to construct the ditch as located by us, to the depth and dimensions required, is by the use of a steam-dredge, and for this reason it would be wholly impracticable and an injury to the parties in interest to allot the work of construction, we have therefore made no allotment." This report was filed with the auditor May 6, 1902, who gave the required notice of the filing of the petition and the report of the viewers; that on June 2, 1902, appellee Templeton filed his remonstrance, accompanied by his bond, against the report of the viewers; that in his remonstrance he alleged that a large portion of his lands were then planted in corn, and that a portion of his lands were low and formed a natural basin through which he had constructed a private ditch, entirely adequate to drain his lands; that the proposed ditch appropriated his private ditch, and deepened and enlarged it, and would gather a large amount of water above him, which did not flow through the private ditch; that the ditch above him was then being constructed by certain of the petitioners with a dredging-machine, and many rods thereof were then constructed according to the plans and specifications set out in the report of the viewers, and that the waters so gathered and collected above him would be, by the further construction of the improvement, discharged upon his lands before the outlet thereof would be constructed, overflowing his land and destroying his crops, and that he would thereby be damaged in the sum of $10,000; that the viewers had

Tolin *v.* Jones.

not allowed him any damage for the overflow of his lands and the destruction of his crops; and that if the improvement be ordered constructed between the 15th day of September and the 1st day of May of any year the damage to the growing crops would be lessened, if not entirely obviated. Wherefore he prayed that, if the improvement be finally established and ordered constructed, the same be ordered constructed between the time of September 15 and May 1, and that it be ordered that no work be done on the upper part of the ditch between the 1st day of May and the 15th day of September of any year. The board thereupon appointed reviewers, but, before the order of appointment was served on the reviewers, the same was returned by the sheriff upon the order of appellee Templeton; that the sole attorneys representing the petitioners and Templeton, respectively, entered into a written contract that in the construction of the ditch the lands of Templeton, which are described in the agreement, should not be entered between the 10th day of April and the 20th day of September in any year without the written consent of Templeton, dated within three days of the time of the entry thereon; that this agreement was ordered to be entered in the commissioners' record, and the remonstrance was ordered withdrawn, and the warrant to the viewers returned; that this agreement was the sole and only order in the proceedings that was at any time made by any agreement of any person with either of the petitioners or Templeton, and the court expressly finds that all other orders and parts of orders at any time made in the ditch proceedings were *ex parte* or adversary proceedings, without any agreement on the part of the petitioners or their counsel.

At the regular July, 1902, session of the board of commissioners, the report of the viewers and engineer came on to be heard, and, there being no remonstrance pending, and no review having been made, and no reviewers having been

qualified, and the only remonstrance that was filed having been withdrawn, the board found and adjudged the petition to be in due form, the improvement of public utility, and the special benefits to the several tracts of land exceeded the cost of the improvement; and on that day the board made the final order granting the prayer of the petition, and confirming all assessments, and approving the plans and specifications furnished by the engineer, and ordered and directed the auditor to give notice and let the contract therefor according to law; that this order of the board is in full force, unappealed from, unreversed, and wholly unimpaired; that the contract for the work has not been let, for the auditor refused to accept the bid of Templeton or of any other person therefor, and a temporary restraining order was granted, preventing the auditor from letting the contract after he had given notice that on a certain date he would receive sealed bids for a contract for the work as an entirety. After the final order was made, and on the same day, the board made to appear in their record the following: "It appearing to the board of commissioners that before and since this proceeding has commenced Leroy Templeton and Alexander B. Tolin, et al., owners in common with them, have already constructed a part of said ditch, it is ordered that when said ditch is sold the contractor shall be required to allow the said parties credit for all work done by them on said work;" that afterwards on the 1st day of August, 1902, session of the board Templeton filed his motion to strike out the above words, to which motion the appellants herein appeared before the board and filed their written objections; but the board sustained the motion, and struck out the provision, and ordered that the assessment returned by the viewers be confirmed, and adjudged that no person should receive any credit on account of work done, except such as returned by the viewers and made and entered of record. Afterwards, on August 9, within thirty days from the sustaining of the motion, and

more than thirty days after the confirmation of the re-
viewers' report of the making of the order establishing the
work, the appellants prosecuted an appeal to the circuit
court from the order of the board on the above motion
of Templeton, which appeal was, on Templeton's motion,
afterwards dismissed by the circuit court.    Afterwards,
on the 1st day of the November session of the board,
the petitioners moved, in writing, to dismiss the peti-
tion and all the proceedings, which motion the board over-
ruled; and afterwards the petitioners prosecuted an ap-
peal to the circuit court, which, upon hearing the evidence,
overruled the motion to dismiss the petition, and sustained
a motion to dismiss the appeal, and adjudged that the
plaintiffs in that action take nothing by the appeal, and that
they pay the costs in each of the above mentioned appeals;
that in each of these appeals the identical questions pre-
sented by this petition were presented; that the parties
thereto were the same persons who appear as plaintiffs
herein; that the two judgments rendered in such appeals
are in full force and unreversed; that the right of the
board to strike out the language above indicated has been
adjudicated against appellants by a court of competent
jurisdiction; and that the right of appellants to dismiss the
proceedings has been finally adjudicated by a court having
jurisdiction of the subject-matter and the necessary parties
thereto.

The court further finds that appellee Templeton "has
here, in open court, waived whatsoever rights were reserved
to him in said order relating to the time when his lands
should be entered for the construction of said work, and he
is bound by said waiver, and that said work may be lawfully
prosecuted upon the lands of said Leroy Templeton at any
time necessary to the accomplishment of said work;" that
Templeton owns certain lands through which a part of the
ditch would extend, which lands were assessed by the view-
ers $3,689, and he was awarded damages on account of the

construction of the ditch in the sum of $3,686.31; that the ditch as reported by the viewers extended about three and one-fourth miles through the lands of appellants, and three and one-fourth miles through the lands of Templeton; that the part on Templeton's land consisted of about one-half a mile of original construction and two and one-half miles of cleaning of a dredged ditch heretofore constructed by him; that at the time the report of the viewers was approved, appellants neglected to file any remonstrance or to make any claim in any legal manner on account of work constructed by them, or to make any complaint of their assessment, or any demand that any part of their assessment should be set off against any part of the work done by them, and that appellants were informed by the viewers that they had not taken into consideration any work done by them in making their assessment; that on the 5th day of August, 1902, the engineer filed with the auditor his report, reciting that the ditch between stations No. 26 and No. 196, being a distance of 17,000 feet on the lands of appellants, had been constructed and completed in accordance with the plans and specifications shown in the viewers' report for the ditch, and that no further work would be required to make the work conform to the report of the viewers, the estimated cost of the construction of that part of the ditch being $6,209.08, and the construction of that part of the ditch was done by appellants, and paid for by them before the filing of this report by the engineer; that appellants herein were assessed for the construction of the ditch $8,426.83, and were awarded $560 damages; that prior to the filing of the ditch petition, and continuously thereafter until about July 7, 1902, appellants were engaged in constructing the above part of the ditch in accordance with the plans and specifications therefor as prepared by the viewers; that during this time all persons having any duty to perform in connection with constructing the ditch had knowledge of such work; that appellants constructed that part of the ditch at

an expense to them of $6,209.08, in good faith, and believing that, in the awarding of the contract for the ditch, they would be protected for all work done by them, and that their work was done to expedite the ditch construction; that before the beginning of this suit the auditor had advertised that he would let the contract for the construction of the ditch, as an entirety; that appellants did not remonstrate against the viewers' report, because of the order of the board providing that they and Templeton should be given credit for the work already done by them, which provision they were assured would be made a part of the order of the board, and in consequence of the agreement between appellants and Templeton that such provision would be made and entered of record by the board, and they in good faith believed that such provision would protect them for all work done by them, and that the viewers failed to give appellants any credit for the work done by them prior to the filing of their report for the reason last-above stated; that neither the viewers nor the reviewers have made a final report, and the only report made was that of the viewers of May 6, 1902, locating the ditch, and fixing the assessments, and awarding the damages for the construction thereof; that the work done by appellants amounted to 73,048 cubic yards of excavation, the same corresponding with the viewers' estimate from station No. 26 to No. 196, inclusive, and that the estimated cost of such work is $6,209.08, which sum is a fair estimate thereof, corresponding to the viewers' estimate.

As conclusions of law the court stated: (1) That the ditch proceedings referred to are valid and enforceable; (2) that the board had jurisdiction of the subject-matter and the persons necessary to a determination of the petition and report, and that the judgment of the board granting the prayer of the petition, finding the work of public utility, approving the plans and specifications thereof, establishing and ordering the construction of the work, ap-

proving the work of the viewers, and affirming and adjudging all assessments and all benefits reported by the viewers, and all damages claimed or reported, and finally directing the auditor to advertise for bids, were within the jurisdiction of the board, and valid and enforceable orders; (3) that the judgment of the board striking out from the order the words that were struck out, and the appeal therefrom to the circuit court, and the determination thereof in that court, was a former adjudication which may not here be reviewed; (4) that the order of the board in refusing to dismiss the petition, and in overruling the motion therefor of the petitioners, and the appeal to the circuit court, and the determination thereof in that court, was a former adjudication against the petitioners, which may not here be reviewed; (5) that the appellants should take nothing by their complaint; (6) that the restraining order and temporary injunction heretofore granted should be dissolved; (7) that appellees should have judgment for costs.

The findings disclose that on May 6, 1902, the viewers and engineer filed their report; that the auditor gave notice that the petition and report would be heard on their merits on June 2, the first day of the regular June term, 1902, of the board; that at the July term, 1902, the petition and report came on for hearing, and, there being no remonstrance pending, the report of the viewers and engineer filed May 6th was in all things confirmed and approved, and all benefits and assessments adjudged against the several tracts of land affirmed, and the auditor directed to give notice and let the contract. After this final order was made, and on the same day, the board caused to be made of record the provision that, when the contract was let, the contractor should be required to allow the parties credit for all work done by them on the ditch before and since the proceedings were commenced.

Section 5657 Burns 1901 provides that, if the ditch is located wholly or in part in the bed of a private ditch al-

ready or partially constructed, the viewers shall make an estimate of the number of cubic yards of earth already excavated, and cost of the same, on each tract of land, and deduct the same from the assessment thereon. As complete provision is thus made by the above section for allowing credit for work already done, it follows that it is not within the authority of the board to allow such credit. No such question was presented by the petition or by any remonstrance. The order was void for want of power to make it. The board had no jurisdiction of that subject-matter. It had only such powers in establishing the ditch as the statute conferred, and such implied powers as are necessary to carry out the powers expressly granted. It is not a question of what the board thinks best to do, but what has the statute said it may do. Beyond that it is without power to act. *White* v. *Conover,* 5 Blackf. 562; *Fleming* v. *Hight,* 101 Ind. 466; *Wrought Iron Bridge Co.* v. *Board, etc.,* 19 Ind. App. 672; *Muncie Nat. Gas Co.* v. *City of Muncie,* 160 Ind. 97, 60 L. R. A. 822. As this additional order was absolutely void because of want of jurisdiction of the subject-matter concerning which it was made, it was immaterial whether it stood as such, or should afterwards be stricken out. It could be binding upon no one for any purpose, and was from the beginning as if never made. It could not have misled the viewers, because it was not made until after the viewers' report had been filed and confirmed. Nor can it be said that this void provision made void the final order approving the report of the viewers. The order approving the report was complete in itself. It covered the whole matter to which it related. Its completeness and effectiveness in no way depended upon the subsequent and additional void provision. The two are separate and distinct, and the subsequent void order in no way affects the completed order previously made.

It is provided by §5665 Burns 1901 that any person interested in the location of the work may file with the

board, "at or before the time set for the hearing of the petition, a remonstrance against the ditch, as located by the viewers on and across his lands, by setting forth his grievances therein; and any person deeming his assessment too high, or the damages allowed him too low, may remonstrate, for such reasons, against the action of the viewers." The statute has fixed the time within which a remonstrance may be filed, who may remonstrate, and the grounds upon which it may be predicated. If a remonstrance is not filed within the time fixed by the statute, the right to remonstrate is lost. The question of benefits and damages and the total cost of the improvement must be determined before the contract for the work can be let. Appellants knew at the time the report of the viewers was filed and approved that the viewers had not taken into consideration the work done by them. They could not have been misled by the order itself, because the order was not made until after the time for remonstrating had passed. And the findings do not show that the board or the viewers did anything prior to the time the order was made upon which the petitioners could rely as an excuse for not remonstrating and claiming credit for work they had done. It is expressly found that when the report was approved, appellants neglected to file any remonstrance or to make any claim in any legal manner on account of work constructed by them, or to make any complaint of their assessment, or any demands that any part of their assessment should be set off against any part of the work done by them, and that they were informed by the viewers that they had not taken into consideration any work done by them in making their assessments. See *Metty* v. *Marsh,* 124 Ind. 18; *Morgan Civil Tp.* v. *Hunt,* 104 Ind. 590.

It is also argued that the order of June 2, providing that the lands of Templeton should not be entered between the dates named, was a material part of the order establishing the ditch, and that it rendered invalid and void the whole order. But this order, as the finding shows, was in effect

Tolin *v.* Jones.

no more than the record of a written agreement between all the petitioners and Templeton whereby Templeton's remonstrance was withdrawn, and all claims for damages waived, in consideration that in the construction of the proposed ditch, the private dredge ditch then constructed and in operation on a certain portion of his lands, should not be entered or effected between the dates named. The finding also shows that the agreement was made to remove the cause for the Templeton remonstrance. This agreement made by all the petitioners was such an agreement as they might lawfully make. Manifestly it was made for the purpose of reducing the expense of constructing the ditch. It was voluntarily entered into, and no mistake or fraud is shown. It accomplished its purpose in obviating a remonstrance until the time for remonstrating had passed. If, in a given case, it should be made to appear that it would be to the interest of all the parties in a ditch proceeding, we see nothing in the statute that would prevent the board from ordering that the work should be done during certain seasons of the year. Such an agreement might, to some extent, limit competitive bidding, but the interested parties who voluntarily made the agreement, for a consideration, would be the only persons affected. We do not think that incorporating this agreement in an order of the board rendered the order of the board subsequently made, approving the report, invalid. The findings also show that Templeton had waived any rights given him by the condition.

It appears from the findings that the viewers have not yet made the final report provided for by §5670 Burns 1901. The fact that the viewers did not allot the ditch, but recommended that it be let as an entirety, does not dispense with this final report. This report is to contain certain matters which could not be included in the first report. But it would seem that under §5656 Burns 1901, the auditor may advertise for bids and let the contract before this final report is made.

Counsel argue, under the motion for a new trial, that certain findings are not supported by sufficient evidence. There may be some conclusions stated in the findings, but, disregarding these, a careful examination of the evidence discloses some evidence in support of the facts as found. Upon the findings, we think the conclusions of law are right.

Judgment affirmed.