# EVANSVILLE TERMINAL RAILWAY *v.* HEERDINK
## ET AL.

### [No. 21,567.   Filed October 5, 1910.]

1. EMINENT DOMAIN.— *Procedure.— Complaint.—Exceptions.—Answer.*—In a proceeding by a railroad company to appropriate land for a right of way, the only pleadings permissible are the complaint, a statement of objections to the right to exercise the power, and an answer (§933 Burns 1908, Acts 1905 p. 59, §5). p. 539.

2. EMINENT DOMAIN.—*Damages.—Award.—Exceptions to.*—An exception to the award in a condemnation case, that the damages assessed were too low, allows the presentation of all questions of damages.  p. 540.

3. EMINENT DOMAIN.—*Pleadings.—Unauthorized.—Amendments.*—In an eminent domain case it is not erroneous for the court to refuse an amendment to an answer alleging that the plaintiff was unaware until the beginning of the trial that the right of way sought to be appropriated would intersect a tile drain conveying the water from defendant's farm, so as to show that the plaintiff would convey, or permit a judgment establishing, an easement for tile drainage across the right of way sought to be appropriated, and that the plaintiff would forever keep it in repair, since the statute does not permit the filing of such answer.  p. 540.

4. PLEADING.— *Complaint.— Answer.— Amendments.— Promissory Contracts.*—In a railroad condemnation proceeding, where defendants excepted to the award of damages, and plaintiff answered that it did not know that the appropriated right of way intersected a tile drain, a proposed amendment that the plaintiff would execute a conveyance of an easement for drainage and keep it forever in repair, or permit a judgment to that effect, is promissory in character, requiring an acceptance to be binding, and cannot be properly considered as an amendment to the complaint.  pp. 540, 541.

5. EMINENT DOMAIN.—*Rights of Landowners.*—Landowners whose property is appropriated under the power of eminent domain may recover complete damages, or may contract with reference to the matter.  p. 541.

6. EMINENT DOMAIN.—*Conditional Appropriation.—Complaint.*—A complaint to condemn a right of way may specify limitations and conditions as to the use of the land taken.  p. 541.

7. EMINENT DOMAIN.—*Right of.—Raising Question.*—Where a landowner is notified of the appropriation of a railroad right of

way over his land, and he does not object to the right to condemn until after the award of the appraisers, his objection is too late. p. 541.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Condemnation proceeding by the Evansville Terminal Railway against Anton Heerdink and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Albert W. Funkhouser* and *Arthur F. Funkhouser,* for appellant.

*John E. Iglehart, Edwin Taylor* and *E. H. Iglehart,* for appellees.

MYERS, J.—This was a proceeding by appellant to appropriate, for electric railway purposes, a strip of ground across the farm of appellee Anton Heerdink. Upon exceptions to the award of the appraisers filed by appellees Heerdink, there was a trial by jury, the damages were fixed, and, over a motion for a new trial, judgment was rendered for said appellees. Pending the proceedings, after exceptions were filed by said appellees to the award of the appraisers, appellant was permitted to amend the complaint by striking out parts thereof, so as to limit the taking to that of a right of way. Said appellees then, by leave of court, withdrew that part of their exceptions relating to the use of steam as a motive power. Appellant filed an answer in two paragraphs, in one of which it alleged that until entering upon the trial it had no notice that the proposed improvement intersected a line of tile, which furnished the drainage for forty acres of appellee Anton Heerdink's land, and tendered and filed a deed, granting to said appellee an easement for the tile drainage, and covenanting to keep it forever in good, effective condition.

The second paragraph, after denying knowledge of the existence of the tile drain until the trial was entered upon, offered to let the judgment show a perpetual easement for

drainage across the right of way, with a covenant to keep and maintain it forever in repair. Upon said appellee's motion, these answers and the deed were stricken out.

The only error presented here is in striking out these answers and the deed.

After the appointment of appraisers, and in connection with the exceptions to the award of damages, said appellees filed, as a part of their exceptions, objection to the

1. right of appellant to exercise the right of eminent domain, and this objection was stricken out on motion of appellant, and cross-errors are assigned by said appellees as to that ruling. Contention is here made by said appellees that the answers of appellant and the deed were stricken out because they were filed with the clerk without leave of court. This is denied in appellant's brief. The record does not disclose leave to file, or when or under what circumstances the answers were filed, or the deed tendered and filed for the use of said appellees. The record shows that they were filed, and the deed filed with the answers bears a certificate of acknowledgment dated May 22, 1909, and on the same day an oral motion was made to strike out the answers and deed. The grounds of the motion are not shown by the record, and whether this motion was sustained because no grounds were stated, or because the answers were filed without leave, or because the court regarded the answers as improper or immaterial, we cannot determine. The answers aver that appellant, until the trial had been entered upon, had no notice or knowledge that the work involved interference with appellee Anton Heerdink's tile drain, yet objections to the award of damages, specifically showing that fact, had been on file six weeks before the trial began. The court probably struck out the answers under the provisions of section five of the Act of 1905 (Acts 1905 p. 59, §933 Burns 1908), which reads as follows: ''And no pleadings other than the complaint and such statement of objections [to the right to exercise the power, etc.], shall be allowed in

such cause, except the answer provided for in section eight of this act.'' The statute is specific as to the questions which may be presented, and the time and manner of their presentation and hearing which may properly be done in such a statute. *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 144; *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511.

Upon exceptions to the award, there is but one question presented, and that is the amount of damages, and it has been held that the objection that the damages were 2. too low was sufficiently explicit to allow presentation of all questions of damages. *Toledo, etc., R. Co.* v. *Wilson* (1909), 44 Ind. App. 213.

It is insisted by appellant that the offers in the answers, and the deed imposing conditions and covenants upon the taking, operate as an amendment to the complaint. 3. Conceding that amendments should and may be allowed in the interest of justice, yet in special proceedings, where the procedure is defined, amendment must be restricted to the pleadings which the statute authorizes to be filed. *Keiser* v. *Mills* (1904), 162 Ind. 366; *Morgan Civil Tp.* v. *Hunt* (1886), 104 Ind. 590; *Tolin* v. *Jones* (1904), 33 Ind. App. 423.

There is the further question involved in this case, that there is a distinction recognized between an instrument of appropriation reserving rights in the landowner not 4. inconsistent with the public use to be acquired, and unaccepted promissory stipulations of future undertakings, on the part of the condemning party of its own motion, which is pointed out in *Indianapolis, etc., Traction Co.* v. *Wiles* (1910), *ante*, 236. The offers in both the first and the second paragraph of answer, including the stipulations of the deed, are so far promissory in character that, unless accepted by the landowner, they clearly fall within the rule in the case of *Indianapolis, etc., Traction Co.* v. *Wiles, supra*, so that they could not be treated as amendments to

the complaint, owing to their promissory character, instead of being limitations upon the rights to be acquired by appellant, or reservations in the landowner. The reason 5. for the rule lies in the right of one whose property is taken without limitation or reservation in the taking, by the power of eminent domain, to make his election to stand upon his right to damages once for all, or contract with reference to the matter.

The difficulty with appellant's position is that the answers were not treated as amendments to the complaint, or insisted upon as such, and could not be, owing to their 4. promissory character; but they were pleaded as independent answers, in the nature of avoiding the allegations of the exceptions, as to interference with ditches and in diminution of damages. Had amendment of the complaint been sought, so as to present the question of a limitation upon the rights to be acquired, or defining the rights reserved, a different question might be presented. That would have gone to a substantive matter, while, as it stands, the broad assertion of an easement of a way for an electric railway, with all its incidents, is presented without qualification. That the complaint might have been 6. originally drawn or amended so as to limit the taking, or reserve an easement for drainage across the strip of ground so taken, so that damages might be assessed in view of that limitation or easement, is, we think, true; but it can only be done by a lawful amendment of an authorized pleading, which, in this case, was the complaint, so that in no event was there harmful error in striking out the answers and deed.

Said appellees, by their assignment of cross-errors, seek to attack the right of appellant to exercise the right of eminent domain. In this case said appellees received 7. the statutory notice of the application for the appointment of appraisers. They made no objection to the right of appellant to exercise the power until after the

return of the award of the appraisers, when they filed an exception under section eight of the act of 1905 (Acts 1905 p. 59, §936 Burns 1908), seeking to raise the question. It is clear that the objection came too late. Section 933, *supra*, is explicit in requiring the objection to be made before the appointment of viewers. *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co., supra; Morrison* v. *Indianapolis, etc., R. Co., supra.*

Judgment affirmed.