## FURNESS v. BRUMMITT.

[No. 7,607.    Filed October 10, 1911.]

1. DRAINS. — Void Order Establishing. — Injunction. — Estoppel.— Jurisdiction.—One who obtains a decree enjoining the construction of a drain established under an order alleged to be void for want of jurisdiction, is estopped to assert in another suit that the board had jurisdiction in making such void order and that therefore the board's jurisdiction was lost in such proceeding.    p. 444.

2. DRAINS.—Void Orders.—Jurisdiction.—An order for the construction of a drain, made at a void special session, does not affect the board's jurisdiction to proceed with the drainage case at a later regular session.    pp. 445, 446, 447.

3. DRAINS.—Erroneous Judgment.—Remedy.—Appeal.—The remedy for an erroneous order made by the board of commissioners in a drainage case is by appeal.    p. 445.

4. JUDGMENT.—Void.—A void judgment is a nullity.    p. 446.

5. JUDGMENT.—Final.—Subsequent Change.—Boards of Commissioners.—Boards of commissioners have no power to change final orders made in cases over which they have jurisdiction, and where such orders are made when they are in lawful session.    p. 447.

6. DRAINS.—Injunction.—Parties.—Where a drain has been established and a commissioner appointed to construct it, a suit to restrain the construction thereof must be against such commissioner, and not against the petitioners.    p. 447.

From Porter Superior Court; *Charles H. Truesdell,* Special Judge.

Suit by Albert W. Furness against William Brummitt. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*N. L. Agnew,* for appellant.

*H. H. Loring,* for appellee.

FELT, P. J.—The facts pertinent to the question presented for decision by this appeal are as follows: On June 30, 1906, appellee filed in the office of the auditor of Porter county, Indiana, his petition for the drainage of certain lands belonging to himself and others, averring that the drain would not exceed two miles in length, and would not

cost to exceed $300, which petition was by the auditor referred to the county surveyor. On July 10, 1906, the surveyor filed his report thereon, which report was on file when the board of county commissioners convened on August 6, 1906. Said board, "by agreement of the parties," set the report for hearing specially on August 11, 1906, which time was after the expiration of the August term of the commissioners' court, and in vacation. On said day "the board met as per adjournment" at their regular place of meeting, and proceeded to hear and determine all questions relating to said drainage petition, and after finding that due notice had been given, and after considering certain remonstrances—including that of appellant—by agreement of the parties the board approved said report, confirmed the assessments as modified, established the ditch, and referred it to Alfred R. Putnam, county surveyor, for construction. Appellant's land was assessed $10, and he was present when the order of August 11, 1906, was made by the board of commissioners. Thereafter appellant appealed to the Porter Superior Court, which appeal was dismissed by the court, and thereupon appellant filed suit in said superior court against appellee and said surveyor, to enjoin the construction of said ditch, alleging that the order of the board of commissioners entered on August 11, 1906, was void, because the board had no power to adjourn from August 6 to August 11, 1906, to consider and pass upon the petition and remonstrances in said proceeding; that no notice of the convening of the special session of said board had been given, and the board was not legally in session on August 11, and the order then made was void. On June 25, 1907, that suit was tried, and the Porter Superior Court entered a decree, enjoining the construction of said ditch under the order of August 11. On July 1, 1907, appellee appeared before said board of commissioners, while in legal session, called up said proceeding, made known the action of the superior court, and thereupon said board set the hearing of the re-

port of the engineer and the remonstrances in said proceeding for the first Monday in August, 1907, and notified all parties affected thereby of the time and place of hearing. On Monday, August 5, 1907, the board took up the hearing of said report, including the remonstrance of appellant filed on July 16, 1906. Appellant appeared before said board, and filed a motion praying for a dismissal of appellee's petition and the report thereon, on the ground that the commissioners then had no jurisdiction over said petition and report, and no authority to hear and determine them, which motion was overruled by the board. Thereupon the board proceeded to hear the evidence on said report and remonstrance, in the presence of appellant, and after hearing it, made an order confirming the assessments shown in the report establishing the ditch and appointing as construction commissioner Guy F. Stinchfield, county surveyor.

No appeal was taken from this order, but on September 9, 1907, appellant filed suit in the Porter Superior Court against appellee and Guy F. Stinchfield, to enjoin them from constructing said ditch as ordered by the board on August 5, 1907. The complaint was dismissed as to Stinchfield. Appellee Brummitt thereupon filed an answer in two paragraphs, the first of which was a general denial, and the second set up in detail the facts of all the proceedings in both courts. A demurrer for want of facts was filed to the second paragraph of the answer, and was overruled. The court found for appellee, and that appellant should take nothing by his complaint. Judgment was rendered accordingly. A motion for a new trial was filed and overruled.

The errors assigned present the question that the finding of the court is not sustained by sufficient evidence.

The gist of appellant's contention is that after the judgment of the superior court was rendered on June 25, 1907, enjoining the construction of the ditch, there was no

1. proceeding pending before the board of commissioners; that nothing was before it upon which it could

legally act in said proceeding, and that its action in setting the case for hearing, in assuming jurisdiction, and in trying and determining the case was absolutely null and void, and that appellee should have been enjoined, as prayed. This is a suit in equity. He who seeks equity must do equity. Appellant obtained in his favor the judgment of June 25, 1907, holding the order of the commissioners, made on August 11, 1906, void, and appellee acquiesced therein, and on his application the further proceedings in the case were taken before the board of commissioners, so that for the purposes of this appeal the orders of the board of commissioners, made on August 11, 1906, must be considered as null and void. Appellant cannot now consistently contend that the order was regular and valid, and ended the jurisdiction of the board, or that it was only erroneous, after having obtained an injunction on the ground that it was absolutely void. In view of this situation, the proceeding before

2. the board of county commissioners was not changed by the action of the members of the board on August 11, but remained the same as if no such action or attempted action had been taken.

Had the board been legally in session, a question we need not and do not determine (*Kraus* v. *Lehman* [1898], 170 Ind. 408), and made such order, even though er-

3. roneous, the remedy would have been by appeal and not by suit to enjoin. *Gavin* v. *Board, etc.* (1885), 104 Ind. 201, 206; *Badger* v. *Merry* (1894), 139 Ind. 631, 634. What the superior court did was to enjoin the carrying out of an order that was alleged to be void, because it was made when the board was not legally in session.

The writing appearing on the records, though placed there in pursuance of the direction of members of the board, when not legally in session as such board of commissioners,

2. did not change the status of the case; the delay in taking further action did not destroy the jurisdiction of the board, which had already attached, nor did the judg-

ment of the superior court go further than to enjoin the execution of the void order. *Hobbs* v. *Board, etc.* (1885), 103 Ind. 575, 580; *Anderson* v. *Weber* (1907), 39 Ind. App. 443.

In the case of *Tolin* v. *Jones* (1904), 33 Ind. App. 423, 431, this court, in speaking of an order made by a board of

4. commissioners, said: "As this additional order was absolutely void because of want of jurisdiction of the subject-matter concerning which it was made, it was immaterial whether it stood as such, or should afterwards be stricken out. It could be binding upon no one for any purpose, and was from the beginning as if never made. * * * Nor can it be said that this void provision made void the final order approving the report of the viewers. The order approving the report was complete in itself." The principle involved here is the same as that in the case from which we have quoted. In 1 Freeman, Judgments (4th ed.) §117, it is stated: "A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one." See, also, *Thompson* v. *McCorkle* (1894), 136 Ind. 484, 493, 43 Am. St. 334.

The question we are called on to decide is not at all similar to the question presented where an appeal is taken from an

2. order of the board of commissioners made when legally in session in a proceeding where the board has jurisdiction. Here, the judgment of the superior court enjoining the construction of the ditch, because of the want of power to act when the board ordered its construction, did not change the status of the proceeding before the board, but left it pending the same as if no steps had been taken after August 5, 1907.

In reaching this conclusion, we are not unmindful of the holdings of our Supreme Court, to the effect that when a

board of county commissioners, acting in a case where
5. it has jurisdiction of the person and of the subject-
matter, and when in lawful session, makes a final
order, it cannot subsequently change or annul such order.
*Town of Hardinsburg* v. *Cravens* (1897), 148 Ind. 1; *Gavin*
v. *Board, etc., supra; Badger* v. *Merry, supra.* Our con-
clusion is consistent with those decisions, the distinction be-
ing that in this case we are dealing with an order absolutely
void, for the purposes of the case at least, because made
when the board was not legally in session.

The board did not lose jurisdiction because the members
thereof assumed to act when not in session, for it might
lawfully begin over at the point where the proceed-
2. ings ceased to be legal. From this it follows that
after the board, on August 5, 1907, made the second
order establishing the ditch, appellant's remedy for relief
from such order, if irregular or erroneous, was by appeal,
and not by an independent suit to enjoin.

Furthermore, the ditch having been established, and the
commissioner appointed to construct it, if any independent
suit could thereafter be maintained to enjoin its con-
6. struction, the commissioner was the one to be en-
joined, for the case had, by such orders, passed be-
yond the control of the petitioners or other parties to the
proceeding. *Crume* v. *Wilson* (1886), 104 Ind. 583; *Board,
etc.,* v. *Jarnecke* (1905), 164 Ind. 658.

No available error is shown by the record and the judg-
ment is affirmed.