# J. T. McMILLAN COMPANY v. STATE BOARD OF HEALTH and Others.[1]

February 11, 1910.

Nos. 16,408—(157).

**Statute Constitutional.**

Section 2146, R. L. 1905, providing for the abatement of premises and occupations which are a menace to public health, is constitutional as a proper exercise of the police power of the state.

[1]Reported in 124 N. W. 828.
       110 M.—10

Action in the district court for Ramsey county to secure a permanent injunction against defendants, their officers, agents and employees, to restrain them from enforcing a certain order of the state board of health filed May 3, 1909. Upon filing the complaint the court granted an order directing defendants to show cause why a temporary injunction should not issue and until the hearing thereof granted a temporary restraining order. The defendants, by the attorney general, appeared specially and moved the court to dismiss the order to show cause and the temporary injunction on the ground the court had not jurisdiction of the defendants or of the subject of the action, and that the offense stated in the complaint did not constitute a cause of action. From an order, Bunn, J., vacating the temporary restraining order and denying plaintiff's motion for a temporary injunction, plaintiff appealed. Affirmed.

*Thomas McDermott,* for appellant.

*George T. Simpson,* Attorney General, and *Clifford L. Hilton,* Assistant Attorney General, for respondents.

START, C. J.

The appellant herein is a corporation, and the owner of a fertilizing and rendering plant located at Pickerel Lake, in the county of Dakota, but near the city of St. Paul, which it is operating and has operated for several years. The respondents are the State Board of Health and its president and secretary. Prior to April 27, 1909, a written complaint was made and filed with the board that such business of the appellant was hurtful to the people of the state and injurious to the public health by reason of a noisome odor arising therefrom. The board appointed a time and place for the hearing of the complaint, of which notice was given to the appellant. After such hearing and on the day named the board determined that the public health, comfort, and convenience required that the appellant should cease to carry on its business at its present location, and made its order accordingly.

The appellant, on June 2, 1909, commenced this action in the district court of the county of Ramsey to restrain the respondents from executing such order, and upon the filing of the complaint moved

the court for a temporary injunction so restraining the respondents pending the action. Thereupon the court made an order requiring the respondents to show cause, on June 5, 1909, why such injunction should not issue. The respondents appeared in response to the order by the assistant secretary of the board, who presented his affidavit setting forth the complaint, hearing, and the making of the order referred to, and denying the allegations of the complaint, except as admitted in the affidavit, which exceptions are not here material. The court, after hearing the parties, made its order denying the motion for a temporary injunction and vacating the order to show cause. The appellant appealed from the order.

1. The first reason here urged by the appellant why the order should be reversed is to the effect that the return to the order to show cause was insufficient, because the respondents should have filed a verified answer putting in issue the equities of the complaint. This was not necessary, for the hearing on the order to show cause was only three days after the action was commenced, and the respondents had twenty days in which to answer.

It is further claimed that the affidavit of the assistant secretary failed to traverse the equities of the complaint, for the reason that he had no personal knowledge in the premises. The record does not justify the claim. The affidavit, with other matters, stated positively that the affiant had the custody of the books and official records of the board, and that the appellant appeared by its attorney and secretary at the hearing, and that at such hearing the board adopted a resolution, which included an order, which was set out in full in the affidavit, that the appellant cease from carrying on its business.

2. The second and principal contention of appellant is that the statute (section 2146, R. L. 1905) by virtue of which the order of the board was made is unconstitutional. The statute is in these words:

"Upon written complaint made to the state board that any person is occupying or using any building or premises within any town, village or city, for the exercise of any such trade or employment, it shall appoint a time and place for hearing and give notice of not less than ten days to the complainant and the person complained of, and

after such hearing, if, in its judgment, the public health or comfort and convenience require, it may order such person to cease from further carrying on such trade or employment in such building or premises; and after written notice of such order, any person thereafter exercising such trade or employment in said building or premises, shall forfeit one hundred dollars for each day after the first, to be recovered as provided in the preceding sections. Any person aggrieved by such order may appeal, and said appeal shall be taken and determined, in the same manner as prescribed in § 2145. During its pendency such trade or employment shall not be exercised contrary to the orders of the state board, and upon the violation of any such order the appeal shall forthwith be dismissed."

This section gives the right of appeal to any aggrieved party, and provides for the same appellate procedure as in the case of appeals from the orders of local boards of health touching offensive and injurious trades or employments. Such procedure is provided by section 2145, R. L. 1905, and is to the effect that an appeal may be taken from any order of the board to the district court of the county by giving notice and bond as in other cases. If the appeal is taken twenty days before the time for holding a general term of the court, it must be heard at such term, and either party is entitled to a trial by jury; but, if the appeal is taken more than twenty days before any such term, the court shall appoint a time and place for hearing it, for which purpose a jury may be summoned. Such appeals shall be tried as in other civil cases, but during their pendency the offense, trade, or employment shall not be exercised contrary to the order appealed from, and, if so exercised, the appeal shall forthwith be dismissed.

The statute in question is an exercise of the police power of the state, a sovereign power, for the protection of public health, comfort, and safety by providing for the abatement of premises and occupations which are a menace to the same. It is clearly constitutional, unless it is an arbitrary and unnecessarily oppressive use of the power.

The power of the legislature to provide for the abatement of premises and occupations which are nuisances menacing public health is

not questioned by the appellant; but it is urged that the statute is an arbitrary and oppressive exercise of the right, in that it deprives parties of their property without due process of law and denies them the right to obtain justice freely. In this connection two specifications only are made. The first one is that the statute does not prescribe any proper or just procedure or machinery for taking an appeal, in that there is no provision as to where or in what manner the notice of appeal should be given, or for a return to the district court, or for framing issues therein. If these contentions were conceded, it would not affect the validity of the statute; for it gives absolutely the right of appeal and jurisdiction to the court to hear and determine it. This carries with it by necessary implication the right and duty of the court to adopt such rules of procedure as are reasonably essential to the discharge of the duty and power conferred, if the procedure prescribed by the statute is inadequate.

The procedure provided by the statute is not as impotent as claimed, for it is reasonably adequate. It provides that any aggrieved party may appeal within five days after written notice of the making of the order by giving notice of appeal as in other cases. The usual and well-understood method of giving notice of appeal in such other cases is by serving a written notice of appeal, stating that the party appeals from the order, describing it, on the adverse party or his attorney. In case of an appeal under the statute here in question, the adverse party is the Board of Health, the agent of the state, and the notice of appeal, as in other analogous cases, should be served upon the president of the board, or its secretary, and upon the attorney general, the chief law officer of the state. If, after an appeal is taken, the board should fail or refuse upon proper demand to make return of its proceedings, the district court on due application would compel a return as in other cases. When the appeal is perfected, the matter is to be tried and determined upon its merits by the court with a jury, if either party so demands. It necessarily follows that, if the case is of such a character that it is necessary to frame issues for the jury, the court may do so in the exercise of its inherent and general powers in accordance with the usual practice in other cases.

The second reason urged why the statute is unconstitutional is that

it arbitrarily so burdens the right of appeal with oppressive and unnecessary conditions as to deprive the appellant of its property without due process of law and of its right to obtain justice freely. A sufficient answer to this claim is that the right of appeal is neither a natural nor a constitutional right, but a statutory one, which the legislature may give or not in its discretion, and if it gives the right it may do so upon such conditions as it deems proper. Therefore a statute otherwise valid is not invalid because it does not give the right of appeal, but leaves the aggrieved parties to their common-law remedies, or because it gives an imperfect and burdensome right of appeal. But the claim that the right of appeal given by this statute is burdened with unnecessary and oppressive conditions is not justified by the provisions of the statute.

The substance of the appellant's indictment of the statute is that an appeal can only be taken and prosecuted to a final determination by ceasing to carry on business pending the appeal, for otherwise the penalties provided by the statute would be incurred and the appeal dismissed. Whether the condition that the nuisance shall not be continued pending the appeal is a reasonable one must not be considered alone from the view point of the dollar-mark, but from the view point of public interests as well. It is evident from the language of·the statute that the legislature considered the interests both of the individual and the public.

The statute does not authorize any interference with the place or occupation, which is charged to be a nuisance menacing the public health, until it is determined to be such after ample notice and full hearing. In giving the right of appeal from such determination the legislature was confronted with the fact that to permit the nuisance to continue pending the appeal would be hazardous to the public health, perchance to human lives, and, on the other hand, to require the appellant to comply with the order pending the appeal would, if there was any reasonable delay in its prosecution, result in serious pecuniary loss, if the appeal should be determined in appellant's favor. In this situation considerations of public health and safety rightly prevailed; but, to make the condition of appeal as favorable to the appellant as practicable, the statute made provisions

for a prompt hearing and determination of the appeal, by providing for a special term of court to hear it, if necessary.

We hold the statute in question to be constitutional, as a valid exercise of the police power.

Order affirmed.