# STATE ex rel. NELSON-SPELLISCY IMPLEMENT COMPANY v. DISTRICT COURT OF MEEKER COUNTY and Another.[1]

January 15, 1915.

Nos. 19,127—(299).

**Workmen's Compensation Act.**

1. In proceedings for compensation under Part 2 of the Workmen's Compensation Act (chapter 467, Laws 1913), it is *held* that the evidence supports the findings of the trial court to the effect that, at the time of the accident and death complained of, the relation of employer and employee existed between defendant and decedent, that the cause of death was accidental and while decedent was engaged in the course of his employment, and was not causd by decedent's intoxication.

**Act constitutional.**

2. *Held*, further, following Mathison v. Minneapolis Street Ry. Co. 126 Minn. 286, that the statute is not obnoxious to the various constitutional provisions invoked by defendant.

**Application to existing contracts of employment.**

3. The statute applies to the relation of employer and employee existing at the time of and which continued after its passage; and does not impair the obligations of the contract by which the relation came into existence.

Upon the relation of Nelson-Spelliscy Implement Co., this court granted its writ of *certiorari* to review an order of the district court for Meeker county, Qvale, J., in an action by Minnie V. Almquist against relator, directing judgment in favor of plaintiff. Affirmed.

*Alva R. Hunt* and *L. K. Sexton,* for relator.

*E. P. Peterson* and *A. F. Foster,* for respondent.

BROWN, C. J.

Plaintiff's intestate, her husband, was on October 27, 1913, acci-

[1] Reported in 150 N. W. 623.

Note.—As to the constitutionality of the workmen's compensation acts, see notes in 34 L.R.A.(N.S.) 162 and 37 L.R.A.(N.S.) 466.

dentally killed by the overturning of an automobile which he was driving and on the claim that he was an employee of the Nelson-Spelliscy Implement Co., a corporation, and that the accident and his death arose out of and in the course of his employment, she brought proceedings for the compensation provided for by part 2 of chapter 467, p. 675, Laws 1913, known as the "Workmen's Compensation Act." The matter duly came on for hearing in the district court, where findings of fact were made and judgment ordered for plaintiff in harmony with the provisions of that statute. Thereafter defendant brought the proceeding to this court for review by *certiorari*.

The principal issues of fact on the trial below were: (1) Whether decedent was an employee of the company at the time of the accident; and (2) whether the accident was caused by his voluntary intoxication.

It appears from the record that defendant is a corporation organized under the laws of this state, with its principal place of business at Litchfield, and at the time in question was engaged in buying and selling farm implements, wagons, carriages and automobiles, repairing automobiles and carrying passengers by automobiles for hire. Decedent entered the employ of defendant in July, 1912, and continued therein, according to plaintiff's contention, until the day of his death, which occurred on October 27, 1913. The duties of his employment consisted, among other things, in setting up and repairing automobiles and farm machinery, and operating and driving automobiles in defendant's autolivery business. Defendant contended on the trial that decedent was not in its employ on the day of the accident, and that his term of employment, though previously existing, ended and terminated by decedent's resignation the day preceding his death, and that he was not acting for defendant on the day in question. Also that the accident was caused by the intoxicated condition of decedent. The court found the facts in plaintiff's favor, and to the effect that decedent was at the time of his death in the employ of defendant, acting in the course of his employment, and that the automobile which he was driving was accidentally overturned, and that decedent was not intoxicated.

The assignments of error challenge the findings of the court, its re-

fusal to amend and modify the same, the constitutionality of the statute upon which the proceedings and judgment are founded, and one ruling admitting certain evidence over defendant's objection.

None of the assignments require extended discussion. We find from a reading of the record evidence tending to support the claim of plaintiff to the effect that decedent continued in defendant's employ up to and including the day of the accident, as well as evidence tending to show that his relations with defendant ceased and were terminated prior thereto; we also find evidence tending to show that decedent was at times addicted to the excessive use of intoxicating liquors, that he drank of such liquors on the day in question prior to starting on the particular trip with the automobile, and also during the time thereof, and also evidence that he was not an habitual drinker, and was not intoxicated on this occasion. In this state of the record we are limited in our inquiry to the question whether the evidence, if satisfactory to the trial court, reasonably tends to support the plaintiff's contentions. We hold that it does. The evidence objected to and now complained of disclosed a conversation between decedent and the witness, a person not interested in the action, in which decedent stated that he was to remain in the employ of defendant until the week following the conversation, which would extend his employment beyond the date of the accident. The trial was by the court, and though the evidence was perhaps incompetent, because a self-serving declaration, the admission thereof was clearly not prejudicial. Defendant further contends that, because decedent proceeded to the point of destination over a route which took him beyond that generally traveled between the two points, he exceeded and went beyond and outside the scope of his employment, and assumed all risks encountered while so engaged. There can be no controversy about the general rule invoked, but it has no application to the facts here presented. At the time of the accident decedent was on the return trip to Litchfield, in the usually traveled way, and was then within the scope of his employment. If he had been injured while driving the car beyond the point of destination a different situation would be presented. But his death did not occur at that time.

2. The validity of the statute is challenged on various constitu-

tional grounds, namely, that it deprives the parties of the right to a jury trial; that it deprives the employer of his property without due process of law; that it unlawfully encroaches upon the judiciary; deprives the parties of their right of appeal and, if construed to apply to contract relations existing prior to its passage, that it impairs the obligations of such contracts in violation of both the state and Federal Constitutions.

These questions do not require discussion. They were all presented in the case of Mathison v. Minneapolis Street Ry. Co. 126 Minn. 286, 148 N. W. 71, and were disposed of adversely to the present contentions. The reasons for our conclusions are clearly and fully stated in that opinion, and need not here be repeated. We are clear that the statute was intended to apply to relations of employer and employee existing at the time of its passage and continuing thereafter, and we so hold. But this does not render it obnoxious to the Constitution, as impairing the obligations of the contract, arising from such relation. As remarked in the Mathison case, and held by the courts generally, no person has any vested right to a rule of law or form of procedure, except perhaps when some form of redress permitted by existing law is expressly stipulated for in the contract. Nor does the fact that the statute does not grant the right of appeal affect its constitutionality. J. T. McMillan Co. v. State Board of Health, 110 Minn. 145, 124 N. W. 828. The right of review by *certiorari* is open to both parties, by which all rights may be fully protected. In fact this method of reviewing is expressly given by the statute. Section 30.

This covers all questions requiring special mention and results in an affirmance.

Judgment affirmed.