## NORTHWEST BY-PRODUCTS COMPANY, INC. v. MINNESOTA STATE BOARD OF HEALTH.

163 N. W. (2d) 778.

January 3, 1969—No. 41621.

*Quinlivan, Quinlivan & Williams, Gordon Rosenmeier,* and *John E. Simonett,* for petitioner.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Julian Hook,* Special Assistant Attorney General, for respondent.

*Donald Kunesh,* City Attorney, *Hughes, Hughes & Hughes,* and *Kevin J. Hughes,* for the City of St. Cloud.

MURPHY, JUSTICE.

Petitioner, Northwest By-Products Company, Inc., was notified by the State Board of Health that on September 9, 1968, it would conduct a hearing on the complaint of the St. Cloud Board of Health that petitioner was "operating an offensive trade in violation of Minnesota Statutes 1967, Section 145.17," the so-called "Offensive Trade Act," at its location in St. Cloud, Minnesota. Minn. St. 145.17, so far as applicable here, provides:

"No person without the written permission of the board of health of the town, village, or city, shall engage therein in any trade or employment which is hurtful to the inhabitants, or dangerous to the public health, or injurious to neighboring property, or from which noisome odors arise."

Upon the representation of petitioner that the board was acting beyond its authorized jurisdiction, we issued a writ of prohibition suspending further proceedings until the further order of this court. Thereafter, briefs

were submitted by the parties and arguments were heard for and against making the writ permanent.

We have considered the briefs submitted by the parties, together with their oral arguments. It is petitioner's primary contention that the authority of the board to act pursuant to § 145.17 has been preempted by enactment of the so-called "Pollution Control Act," L. 1967, c. 882 (Minn. St. c. 116), and Ex. Sess. L. 1967, c. 48, § 43, which relate to the creation of the Pollution Control Agency and cooperation between it and the State Board of Health on overlapping functions.

We conclude from an examination of these provisions that they contain nothing which would deprive the State Board of Health of jurisdiction to proceed with the hearing provided for in its notice to petitioner. McMillan v. State Board of Health, 110 Minn. 145, 124 N. W. 828; 1 Am. Jur. (2d) Administrative Law, §§ 42, 70.

The writ of prohibition issued here is accordingly discharged.

ROGOSHESKE, JUSTICE (concurring specially).

In my opinion, the Pollution Control Act, together with the interdepartmental agreement entered into as required by Ex. Sess. L. 1967, c. 48, § 43, between the Pollution Control Agency and the State Board of Health, was intended to preempt the board's jurisdiction over air pollution control where the pollution complained of is limited to odors offensive to the residents of the area, which odors in no wise contaminate the air so as to endanger or affect the health of the residents or community.

Since the alternative writ was issued upon the assumption that only such a complaint against petitioner was pending before the board, and the board now asserts that the purpose of the hearing is also intended to determine whether petitioner is operating an offensive trade which is "hurtful to the inhabitants, or dangerous to the public health," the facts on which the writ was issued are hypothetical and the writ should be discharged.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.