EVANS *v.* INTERNATIONAL FORK & HOE COMPANY.

[No. 15,579.   Filed November 6, 1935.]

*Mountz & Mountz, Howard S. Grimm, James M. Ogden* and *Samuel E. Garrison,* for appellant.

*Arthur W. Parry* and *William E. Hart,* for appellee.

DUDINE, C. J.—This is an attempted appeal from an award of the Industrial Board denying appellant compensation in a proceeding instituted by appellant against appellee.

Appellee has filed a motion to dismiss the appeal, stating as one of the grounds of the motion that the appeal was not perfected within the time prescribed by law. Appellant has filed no answer brief to said motion to dismiss.

The award of the full Industrial Board was rendered on May 9, 1935. Appellee in its verified motion to dismiss the appeal alleges that under the rules of the Industrial Board the time permitted for filing a praecipe

for a transcript of the record on appeal is limited to fifteen days after the date of the award of the full Industrial Board.

The record shows that on June 3, 1935, appellant filed its petition for permission to file such praecipe, stating as ground for said petition that appellant had been represented in said proceeding before the Industrial Board by two law firms and that notice of said final award had not been mailed to nor received by appellant in person nor by one of said law firms. Said petition did not, however, deny that said other law firm duly received such notice. This petition was denied on June 7, 1935.

On June 10, 1935, appellant filed a written motion with the Industrial Board to vacate said final award on the ground that notice of said final award had not been mailed to nor received by appellant in person nor by one of the law firms. Said motion to vacate did not deny that the other law firm representing appellants had received such notice nor did it attack the validity of the award.

On June 25, 1935, the Industrial Board, after finding that a copy of said final award had been promptly mailed to both of said law firms representing appellant, denied appellant's written motion to vacate the award. Whereupon appellant took exceptions to said ruling and on that date prayed and was granted an appeal to this court.

The transcript was filed in this court on August 23, 1935, seventy-six days after the date of said final award. Section 9506, Burns 1926, §40-1512, Burns 1933, ██ §16437, Baldwin's 1934, which provides for an appeal from an award of the full Industrial Board, gives but thirty days from the date of such award within which to complete an appeal.

It might be contended that the time within which to appeal this cause began to run from the date when ap-

pellant's motion to vacate the award was acted upon, to wit: July 25, 1935, and section 45 of the Workmen's Compensation Law (§9490, Burns 1926, §40-1410, Burns 1933, §16421, Baldwin's 1934) might be relied upon as authority for such contention. Said section 45 does give the Industrial Board continuing jurisdiction and power to modify or change awards "on account of change in conditions." This section does not, however, give the Industrial Board power to vacate or set aside its award.

We hold that the action of the Industrial Board in denying appellant's motion to vacate was a mere nullity, insofar as extending the time for perfecting an appeal is concerned (see *Kingan & Company, Limited* v. *Buford, et al.* [1917], 65 Ind. App. 182, 116 N. E. 754) and that the time within which appellant had the right to perfect his appeal began to run on May 9, 1935, the date of the final award. Thirty days from said date having expired before the transcript was filed in the office of the clerk of this court, the appeal should be dismissed.

Appeal dismissed.