No. 10,478.

THE BOARD OF COMMISSIONERS OF CASS COUNTY. *v.* THE LOGANSPORT AND ROCK CREEK GRAVEL ROAD COMPANY.

COUNTY COMMISSIONERS.—*Judgment.*—County commissioners can not annul or set aside decisions made or judgments rendered, after the close of the term at which they were entered.

SAME.—*Appeal.*—*Gravel Road.*—An appeal will lie to the circuit court from an order of the board of county commissioners vacating an order made at a former term, granting the right to construct a gravel road upon a county highway.

From the Cass Circuit Court.

*G. E. Ross,* for appellant.

*D. B. McConnell, R. Magee, S. T. McConnell* and *D. C. Justice,* for appellee.

ELLIOTT, J.—At a regular session of the March term, 1882, the board of commissioners, over a remonstrance, granted to the appellee the right to a county highway for the purpose of constructing upon it a toll turnpike ; at a subsequent term this order was revoked and a different decision made.   From this last order the appellee appealed to the circuit court and obtained a judgment vacating all proceedings subsequent to those had at the March term, 1882.

The order of the board made at a term subsequent to that at which the decision in favor of appellee was rendered was illegal and void. County commissioners can not annul or set aside decisions made or judgments rendered, after the close of the term at which they were entered. *Board, etc.*, v. *State,. ex rel.*, 61 Ind. 75; *Doctor* v. *Hartman,* 74 Ind. 221.

A party may secure an order declaring the invalidity of a void judgment by appeal. It is true that he may enjoin 'its enforcement; but it is also true that he may secure a judicial declaration of its invalidity by invoking the aid of an appellate court. *Palmer* v. *Fuller,* 22 Ind. 115; *Shoemaker* v. *Board, etc.,* 36 Ind. 175; *Shoultz* v. *McPheeters,* 79 Ind. 373, *vide* p. 379 ; *Cain* v. *Goda,* 84 Ind. 209; *Dyer* v. *Board, etc.,* 84 Ind. 542.

The decision granting the right to the county road was one from which an aggrieved person might have appealed, and it must follow that the judgment declaring it vacated is one from which the gravel road company may appeal. The principle laid down in *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549, controls the case.

Judgment affirmed.