Leary v. Dyson.

No. 11,307.

LEARY v. DYSON.

JUDGMENT.—*Suit to Annul.*—*Complaint.*—*Justice of the Peace.*—*Non-Residence in County.*—*Jurisdiction.*—*Transcript.*—A complaint, in an action in the circuit court of a county in which a transcript of a judgment, purporting to have been rendered by a justice of the peace in another county, has been filed, to declare the judgment void, alleging that at the time the suit was instituted and judgment rendered the plaintiff was a resident of the county in which the transcript was filed, and had never been a resident of the county in which the judgment was rendered, but alleging nothing as to the character of the process or its service, does not show that the justice had no jurisdiction of the person of the judgment defendant, as there are circumstances under which such jurisdiction might have been acquired, and in that respect the complaint is bad on demurrer.

SAME.—In such case, as the justice rendering the judgment had no jurisdiction to grant the relief sought by the judgment defendant, he had, if the judgment was void, a right to attack it in any court of competent jurisdiction.

From the Boone Circuit Court.

*B. F. Davis* and *S. A. Forkner*, for appellant.

*R. W. Harrison* and *B. S. Higgins*, for appellee.

ELLIOTT, C. J.—The complaint of the appellee alleges that the appellant has filed a transcript of a judgment purporting to have been rendered by a justice of the peace of Center township, Marion county, and that it constitutes a cloud upon the title of real estate owned by her; that the judgment was rendered upon default, and for the value of property alleged to have been by her converted, and that she never converted any property of the appellant, and never had any business dealings with him; that at the time the action of the appellant was instituted, and at the time the judgment was rendered, she was a resident of Boone county, and had never been a resident of the county of Marion. Prayer that the judgment be declared void.

It is well settled by our decisions that a party has a right

98 317
f167 158

Leary *v.* Dyson.

to have a void judgment annulled. *Cain* v. *Goda,* 84 Ind. 209; *Board, etc.,* v. *Logansport, etc., Co.,* 88 Ind. 199.

A justice of the peace has no chancery jurisdiction, and can not review or set aside a judgment except in the manner prescribed by statute. *Ainsworth* v. *Atkinson,* 14 Ind. 538; *Snell* v. *Mohan,* 38 Ind. 494; *Brown* v. *Goble,* 97 Ind. 86.

As the justice had no jurisdiction to grant the relief sought by the appellee, she had a right to invoke the aid of a court of equitable jurisdiction. But if this were not so, still, if the judgment was void, she had a right to attack it in any court of competent jurisdiction, and was not obliged to attack it in the court which rendered it, even though that court had authority to set it aside.

The question which controls is, does the complaint show that the justice had no jurisdiction of the person of the appellee? We are unable to declare that it does appear that the judgment was rendered without jurisdiction of the person, for, although the appellee may not have resided in Marion county, still there are cases in which she might have been sued in that county if found within its limits. In cases of actions commenced by *capias,* a justice has jurisdiction over the person of the defendant although he is a resident of another county. *Harris* v. *Knapp,* 21 Ind. 198; *Graham* v. *Klyla,* 29 Ind. 432; *Maxwell* v. *Collins,* 8 Ind. 38; *Michael* v. *Thomas,* 24 Ind. 72.

The complaint contains nothing as to the character of the process or its service. Counsel for the appellee are in error in asserting that it is averred that there was no service of process. We have carefully read the complaint as it appears in the record, and find no such averment, nor any averment upon the subject. The court below erred in overruling the demurrer to the complaint. Judgment reversed.

Filed Nov. 20, 1884.