Badger *v.* Merry *et al.*

———————◆———————

No. 17,145.

Badger *v.* Merry et al.

County Commissioners.—*Commissioners' Court.*—*Have Only Statutory Power.*—*Void Act.*—*Attempt to Change or Vacate Judgment.*—The board of county commissioners has no power other than that conferred upon them by statute. Such board has no statutory power to change, vacate, or disregard its order or judgment after it has been made and recorded, and an act of the board in attempting to do so is void; the only remedy of an aggrieved party, in such case, is by appeal.

Same.—*Appeal.*—*Dismissal of.*—*Harmless Error.*—*Void Orders.*—Where

an appeal is taken from the order of the board setting aside all its other orders made after the final order or judgment has been made and entered, a dismissal of the appeal can not harm appellant, for the appellant could have no other purpose in the appeal than to reinstate the void proceedings had since the rendition of the final judgment.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. M. Brown*, for appellant.

*E. A. Bratton*, for appellees.

McCabe, J.—The appellees filed a petition before the board of commissioners of Steuben county, praying for the vacation of a highway and the location of a highway within said county. The appellant was named in the petition as one among others whose lands would be affected by the proposed location of such highway.

At the September term of said board for 1892 it found that the requisite number of persons had signed the petition, and the existence of the other jurisdictional facts, and appointed three persons viewers to view said proposed highway and vacation:

At the following December term of said board said viewers reported to said board that the location of the proposed highway would be of public utility, and that the proposed vacation of such highway will injure the public and do not recommend said road to be vacated. No remonstrances being filed, the board approved the report and entered a final order or judgment that said highway be, and the same is, hereby established, and that it be opened to the width of forty feet, and the auditor was ordered to notify the proper trustee.

Three days afterwards, and on the 7th day of the December term of said board for 1892, the appellant, on affidavit, moved to have the final order establishing the highway set aside. The ground stated in the affidavit to set aside the judgment was that the appellant's lands

were affected by the order, and other facts tending to show as an excuse for failure to appear sooner and object, surprise and excusable neglect. This motion was sustained, the final order or judgment of the board establishing the highway was set aside, and the appellant and many others thereupon filed remonstrances on the ground of want of public utility of the proposed highway and for damages.

On these remonstrances reviewers were appointed by the board, and said reviewers reported to said board, at its March term, 1893, that the proposed highway would not be of public utility. Thereupon the appellant appeared before the board and moved the court to dismiss the application and proceedings because, 1, the petition asks for the establishment of one highway and the vacation of another, and want of jurisdiction; 2, because the reports of viewers and reviewers show that the proposed vacation and establishment are not of public utility. And thereupon appellees, the petitioners, appeared and moved the commissioners' court to set aside and dismiss all papers, pleadings, remonstrances, affidavits and reports filed in said cause, and to vacate, set aside and annul all the orders made and proceedings had since the rendition of the judgment and order of the board of commissioners of said county locating and establishing said public highway, on the ground that said board of commissioners had no power or authority to set aside and vacate the judgment and order locating and establishing said public highway, and for the further reason that the petitioners, the present appellees, had no notice of such proceedings.

The motion of appellant to dismiss was overruled, and the motion of appellees to set aside, etc., was sustained, and the board set aside all its proceedings which occurred subsequently to the final order or judgment of the board

establishing the highway. This order was entered on the 20th day of March, 1893, at the March term of said board for that year, whereupon the appellant, Badger, prayed an appeal to the circuit court from that order of the board and filed his bond for an appeal. In the circuit court the appellant renewed his motion to dismiss the cause, and the appellees moved to dismiss the appeal. The former motion was overruled and the latter was sustained by the circuit court. These rulings are both assigned as error. Appellant also assigns as error that the petition does not state facts sufficient.

Appellees contend that we can not consider the question of the sufficiency of the petition, for the reason that it is not before us. Whether it is before us depends on the question whether the board had any power to set aside its final order establishing the highway after it had been made and entered of record.

It was held by this court in *Doctor* v. *Hartman*, 74 Ind. 221, that the commissioners' court has no power to set aside a judgment it had rendered, either during the term at which it was rendered or afterwards. Following and citing that case this court, in *Kyle* v. *Board, etc.*, 94 Ind. 115 (118), said: "A judgment or order duly made, directing the establishment of a new and the vacation of an old highway, is not one that the board of commissioners can set aside or amend at their pleasure. When the order or judgment has been made and recorded, the authority of the commissioners is exhausted, and they have no right to change or vacate it, and of course no right to disregard * * it."

The only remedy in such a case by an aggrieved party is by an appeal. *Doctor* v. *Hartman, supra.*

In *Gavin* v. *Board, etc.*, 104 Ind. 201, this court said: "Where a board makes a final order it can not at pleasure take the matter up and make other orders."

To the same effect are *City of Madison* v. *Smith,* 83 Ind. 502; *Weir* v. *State, ex rel.,* 96 Ind. 311, and *Board, etc.,* v. *Logansport, etc., G. R. Co.,* 88 Ind. 199.

Therefore the act of the board in attempting to set aside its final order and judgment establishing the highway was ineffectual and void for want of power to do such act. It may have been thoroughly convinced that its final judgment was wrong, yet it had no power either to grant a new trial or set aside its judgment on the motion of an aggrieved party, or otherwise, simply because the board of commissioners has no other power than statutory power, and no such power has been conferred by statute on boards of commissioners. See authorities above cited.

If a party is aggrieved by a final judgment or order of a board of commissioners, if the judgment or final order is of a judicial character, he is provided with a remedy by appeal, which must be taken within thirty days. Burns R. S. 1894, sections 7859, 7860; R. S. 1881, sections 5772, 5773.

The final order in question was judicial in its character. Therefore, the petition having been merged in the final judgment establishing the highway, and the order attempting to set it aside being ineffectual and void, the petition is not before us, and for that reason we do not inquire into its sufficiency.

No appeal was taken from said final judgment or order, and at the time the appeal was taken in this case from the decision of the board of commissioners none could have been taken from such final order, because more than thirty days had elapsed from the making of the order to the taking of the appeal. So that the original proceeding for the location of a highway was not brought into the circuit court by the appeal. The appeal was taken from the order of the board setting aside

all their orders made after the final order or judgment had been made and entered. Therefore, there was no error in overruling the motion in the circuit court to dismiss the action.

It remains to determine whether the circuit court erred in dismissing the appeal. We have already said that the order of the board of commissioners attempting to set aside their final order or judgment establishing the highway was void. Yet it is unnecessary for us to decide whether the circuit court erred in dismissing the appeal, as an abstract proposition of law, because the appellant assigning that ruling as error must not only show that it was error, but that it was an error that harmed him, before he can have a reversal. The statute forbids the reversal of a judgment for errors which do not prejudice the substantial rights of the appellant. Burns R. S. 1894, section 1964; R. S. 1881, section 1891; Elliott App. Proced., section 292, and authorities there cited.

Had the circuit court overruled the motion to dismiss the appeal, and adjudicated the cause, it follows, from what we have said, that it must have confirmed the action of the board of commissioners in setting aside the void order, which, by his appeal, he was seeking to reinstate. Therefore, the dismissal of his appeal by the circuit court did not prejudice his substantial rights.

The action of the circuit court, if error at all, was harmless.

The judgment is affirmed.

Filed Dec. 19, 1894.