## KINGAN AND COMPANY, LIMITED, *v.* BUFORD ET AL.

[No. 9,597. Filed June 28, 1917.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Award.— Right to Review.*—Under §60 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that an application for review may be made if the first hearing was not before the full board, the Industrial Board has no power to review an award where the first hearing was before the full board, and any award made on such review is a nullity.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Haughty Buford and another against Kingan and Company, Limited. From an award for applicants, the employer appeals. *Appeal dismissed.*

*Burrell Wright, Solon J. Carter* and *D. P. Williams,* for appellant.

*McDonald & White,* for appellees.

IBACH, P. J.—On January 27, 1916, one Allison Buford, while in the employ of appellant, received an accidental injury which resulted in his death. The deceased left as surviving dependents his widow, Haughty Buford, and his step-son, Willie D. Reynolds, who are the appellees herein. A controversy arose as to appellant's liability under the Workmen's Compensation Act, Acts 1915 p. 392, and appellees filed their application with the Industrial Board for an award. On February 15, 1916, the application was heard before the full board. On February 26, 1916, the full board made a finding of facts and an award, granting appellees compensation at the rate of $5.67 a week for 300 weeks, and ordering that appellant pay the burial expenses of deceased, amounting to $86.30. On March 3, 1916, appellant filed with the board its application for a review under §60 of said act, which application appellees resisted. On March 10, 1916, the full board heard arguments of counsel for both parties on such application and reconsidered the evidence, took the matter under advisement and, on April 3, 1916, announced its opinion that it had no right to review, under §60, an award made by the full board but on the same day entered of record what purports to be a finding of facts and an award in the identical language of the original.

It will be observed from appellant's application and briefs that its claim to a review is based solely on said section and that it sought a review of the award made by the full board on February 26, 1916. No such right is granted by said section and, so far as the second award is concerned, made on April 3, 1916, although identical with that made on February 26, it is a mere

nullity. *Studebaker* v. *Alexander* (1912), 179 Ind. 180, 100 N. E. 10. The board itself and the fund involved are only creations of the legislature and it is clear, we think, that it was not the intention of the legislature to provide in the *act* for more than one hearing before the full board. *Union Sanitary Mfg. Co.* v. *Davis* (1916), 63 Ind. App. 548, 114 N. E. 872. Therefore the appeal should have been taken within thirty days from the date of the original award.

We are not called upon by this appeal to determine whether the board, upon proper application, has any inherent discretionary power to grant a review under any circumstances, so that we have limited our consideration solely to the question as it comes to us in the present appeal.

Appeal dismissed.

Hottel, C. J., Felt, Batman and Caldwell, JJ., concur.

## Concurring Opinion.

Dausman, J.—I concur in the result reached in this case; but my sense of propriety impels me to dissent from a portion of the majority opinion. The following statement therein is germane and essential to the decision: "The board itself and the fund involved are only creations of the legislature and it is clear, we think, that it was not the intention of the legislature to provide in the act for more than one hearing before the full board."

This statement is equivalent to saying that independently of the statute the board has no power to set aside a finding and an award where the hearing was held before the full board, and has no power thereupon to hold another hearing and make another award. This inference is inevitable, for it is impossible to hold the second award void—an absolute nullity—on any other

theory.   If the board has power, from whatever source derived, to set aside a finding and an award and to conduct a rehearing, under the circumstances of this case, then the action of the board herein is not void, but merely erroneous.   However erroneous it may be, if it is not void, it cannot be ignored, and either party would have the right to appeal therefrom.

With the statement above quoted I find no fault, except that "the fund involved" is rather obscure; but it is followed by this:   "We are not called upon by this appeal to determine whether the board, upon proper application, has any inherent discretionary power to grant a review under any circumstances, so that we have limited our consideration solely to the question as it comes to us in the present appeal."   Now it seems to me that the latter statement is wholly unnecessary; and furthermore that it is erroneous and in conflict with the former statement.   It is equivalent to saying that we reserve the right to decide at some future time, *and without overruling this decision,* that the board has power independently of the statute to set aside a finding and an award where the hearing was held before the full board, and thereupon to conduct a rehearing and make a new finding and make or deny another award, upon proper application.   I most respectfully submit that this string tied to the main proposition can have no other effect than to mar the opinion and to mislead those who practice before the board.   The application in this case was proper enough and no one is finding any fault with it.   Whether the board "has any inherent discretionary power to grant a review under any circumstances" is, in my judgment, necessarily involved in this case, and is in fact involved in the statement first above quoted.   As I view it, we are brought face to face with the duty to decide it.   Questions of this character, as well as all others, should be decided fully

and fairly, so that there may be no suggestion of evasion.

The precise question presented by the motion to dismiss is, Must the time allowed for taking an appeal be reckoned from the date of the original award? The answer to this question depends on whether the Industrial Board had power to review, under said §60, an award made by the full board; for if it had not that power the pretended review is a nullity. In determining the question the fact must be kept clearly in mind that the Industrial Board is not a court. In the ordinary legal sense of the words, it has no judicial power. The rules of civil procedure, whether ordained in the Code or established by the courts, are not applicable to proceedings before the board. It is an administrative body created for the special purpose of administering the Workmen's Compensation Act, and belongs to the executive department of the state government. Of course, the administration of said act by the board involves the exercise of quasi-judicial power, but such power is merely incidental to its administrative function. It possesses only those powers which have been conferred upon it by the legislature; and its powers, as prescribed by statute, cannot be enlarged even by the consent of petitioner and respondent. *Deibeikis* v. *Link-Belt Co.* (1914), 261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A 241; *Hunter* v. *Colfax, etc., Coal Co.* (1915), (Iowa), 154 N. W. 1037; *Mackin* v. *Detroit-Timkin Axle Co.* (1915), 187 Mich. 81, 153 N. W. 49; *State, ex rel.* v. *District Court* (1915), 128 Minn. 221, 150 N. W. 623; *Middleton* v. *Texas Power, etc., Co.* (1916), 108 Tex. 96, 185 S. W. 556; *State* v. *Mountain Timber Co.* (1913), 75 Wash. 581, 135 Pac. 645; *Borgnis* v. *Falk Co.* (1911), 147 Wis. 327, 133 N. W. 209, 37 L. R. A. (N. S.) 489; *Flournoy* v. *City of Jeffersonville* (1861), 17 Ind. 169, 79 Am. Dec. 468; *State* v. *Board, etc.* (1874), 45 Ind.

501; *Waldo* v. *Wallace* (1859), 12 Ind. 569, 583; *Shoultz* v. *McPheeters* (1881), 79 Ind. 373; *Little* v. *State* (1883), 90 Ind. 338, 46 Am. Rep. 224; *Pressly* v. *Lamb* (1886), 105 Ind. 171, 4 N. E. 682; *Vandercook* v. *Williams* (1885), 106 Ind. 345, 1 N. E. 619, 8 N. E. 113; *State* v. *Noble* (1889), 118 Ind. 350, 21 N. E. 244, 4 L. R. A. 101, 10 Am. St. 143; *State* v. *Denny* (1889), 118 Ind. 382, 21 N. E. 252, 4 L. R. A. 79; *State* v. *Hyde* (1889), 121 Ind. 20, 22 N. E. 644; *Board* v. *Stout* (1893), 136 Ind. 53, 35 N. E. 683; *Miller* v. *State* (1897), 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *Betts* v. *New Hartford* (1856), 25 Conn. 180; *Foot* v. *Stiles* (1874), 57 N. Y. 399; *In re Saline County, etc.* (1869), 45 Mo. 52, 100 Am. Dec. 337; *Gilbert* v. *Board, etc.* (1895), 11 Utah 378, 40 Pac. 264; *Territory* v. *Cox* (1889), 6 Dak. 501; *George* v. *People* (1897), 167 Ill. 447, 47 N. E. 741; *State* v. *LeClair* (1894), 86 Me. 522, 30 Atl. 7.

We have emphasized the fact that the Industrial Board is not a court because it is apparent that counsel for appellant labored under the mistaken belief that the board is a court and that the rules of civil procedure must be followed in matters before it; and because it is important that the board should not be hampered by the rules of court procedure. In the administration of the Workmen's Compensation Act, with its multiplicity of details, the board possesses a freedom of action not enjoyed by the courts. As said by the Supreme Court of Wisconsin: "The proceedings before such boards are not expected to be as formal and cumbrous as the proceedings of courts; indeed, the greater flexibility which such bodies must possess if they are to discharge their duties seems to demand greater freedom of action." But in no event must the board exceed its powers.

While keeping in mind that the Industrial Board is

not a court, nevertheless it is well to observe, for the sake of the principle, that the acts of even the courts done in excess of their power are void. It is a familiar rule that a court of special and limited jurisdiction has no power to review, retry, annul or set aside its judgment unless the power so to do is conferred by statute. *Brown* v. *Goble* (1884), 97 Ind. 86; *Leary* v. *Dyson* (1884), 98 Ind. 317; *Doctor* v. *Hartman* (1881), 74 Ind. 221; *Weir* v. *State* (1884), 96 Ind. 311; *Badger* v. *Merry* (1894), 139 Ind. 631, 39 N. E. 309; *Town of Hardinsburg* v. *Cravens* (1896), 148 Ind. 1, 47 N. E. 153. With stronger reason, therefore, an administrative board can have no power of review except as that power is conferred by the statute itself.

Whether the statute authorized a review where the first hearing was held before, and the award made by, the full board, depends upon the proper construction of §60 of said act—as said section existed at the time this proceeding was before the board. The purpose of the review under said section is to bring to bear upon the controversy the combined intellectual powers of all the members of the board, where the original hearing was held before a less number than the full board. In other words, the purpose is to give to any interested person the benefit of the judgment of *all* the members on the theory that two heads are better than one, and three better than two. So that the reason for a review under said section fails where the original hearing was held before the full board. The legislative intent would be expressed perhaps with greater certainty if said section read as follows: Section 60.—If the first hearing was not held before the full board, an application for review may be made to the board within seven days from the date of the award, which application shall be granted; and thereupon the full board shall review the evidence, or, if deemed advisable, shall hear

MAY TERM, 1917. 189

Bloomington, etc., Stone Co. *v.* Phillips—65 Ind. App. 189.

the parties at issue, their representatives and witnesses, as soon as practicable, and shall make an award which shall be filed in like manner as specified in the foregoing section.

The legislative intent, as expressed in §61, is that an award made by the full board "shall be conclusive and binding as to all questions of fact" unless an appeal be duly taken therefrom.

I agree with my brothers of this court that the board had no power to grant the application for a review or to hold a rehearing or to make a new finding and award; that the pretended review is a nullity; and that since no appeal was perfected within thirty days from and after the date of the original award, this attempted appeal cannot be entertained. I deeply regret the situation in which I am placed, but my conception of duty to myself and my position prompts me to place on file this separate opinion.

NOTE.—Reported in 116 N. E. 754. Workmen's compensation: appeal from award, L. R. A. 1916A 178, 266. See also note *ante* 158.