PASS ET AL. *v.* STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF CLARK COUNTY.

[No. 12,096. Filed April 2, 1925. Rehearing denied May 21, 1925. Transfer denied November 5, 1925.]

1. COUNTIES.—*Authority of board of county commissioners stated.*—A board of county commissioners, being limited to the powers conferred upon it by statute, can do nothing except what it is expressly authorized to do, along with the exercise of such implied powers as are necessary to put its express authority into effect. p. 601.

2. HIGHWAYS.—*Contractor held liable on his contract and bond notwithstanding attempt of board of commissioners to release him by reconsidering prior order denying release.*—A board of county commissioners which once refused to relieve a highway contractor from the performance of his contract under the "Contractor's Relief Act" was without authority to reconsider the prior order and reverse it, and the contractor remained liable on his contract and bond for a breach thereof, regardless of the validity of said act. p. 601.

3. JUDGMENTS.—*Courts of special and limited jurisdiction have no power to review, annul or set aside previous judgments or*

*orders unless conferred by statute.*—Courts of special and limited jurisdiction have no power to review, annul or set aside judgments rendered or orders made unless the power is conferred by statute. p. 601.

From Floyd Circuit Court; *John M. Paris*, Judge.

Action by the State of Indiana on the relation of the Board of Commissioners of Clark county against William J. Pass and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the second division.

*Jewett & Bulleit* and *Charles E. Henderson*, for appellants.

*Burdette C. Lutz*, for appellee.

NICHOLS, J.—Action by appellee on a bond to recover damages for breach of a contract executed in proceedings pertaining to the improvement of a public highway. There was a special finding of facts and conclusions of law in favor of appellee, upon which judgment was rendered against appellant. From this judgment this appeal is prosecuted, the only error assigned being that the court erred in each of its conclusions of law. The facts as appear by the findings, briefly stated and so far as here involved, are that in a proceeding pending before the board of commissioners of Clark county, there was ordered established a highway under what is commonly known as the "three mile gravel road law," and appellant Pass being awarded the work entered into the contract here involved to construct the road for the contract price of $7,900, and gave the contractor's bond sued on with himself as principal and his coappellant as surety. The bond was duly approved, but the contractor failed, neglected and refused to perform the conditions of the contract and thereby there was a breach of the bond. On May, 1919, appellant Pass filed with the board of commissioners a petition asking

to be relieved from the performance of the contract, under and pursuant to what is known as the "Contractor's Relief Act" passed by the legislature in 1919, see Acts 1919 p. 475. On June 2, 1919, the board of commissioners duly made and entered an order denying the prayer of said petition, and refusing to release the said Pass from the performance of his said contract. He appealed from this order of the board of commissioners to the Clark Circuit Court, but on motion of the board of commissioners, the court rendered judgment dismissing the appeal. From this judgment, there was an appeal to the Supreme Court, but while that appeal was pending in said court, the board of commissioners of Clark county, at its April term, 1920, reconsidered its action and judgment theretofore entered refusing to release said contract, and made its finding that "said order in refusing to release said contractor ought to be annulled, set aside, and held for naught, for the reason that in their judgment, upon a proper and further showing having been made, it appears that the performance of the same will entail losses caused wholly by conditions arising or existing after the declaration of war."

Upon this finding, it entered judgment as follows: "It is therefore ordered, by agreement of the contractor, to dismiss his appeal in the Supreme Court which dismissal shall be, for the purpose of the proceedings now had, treated as taken in conjunction with said proceedings. It is further ordered by the board, that the contract heretofore with said William J. Pass for the construction of said road, be canceled and that said contractor and his sureties, the London and Lancashire Indemnity Company of America, are hereby released from the performance thereof. It is further ordered that all orders made on said 2nd day of June, 1919, in refusing to release said contractor and his sureties from said

contract, be and the same are hereby set aside and held for naught."

Thereafter the Supreme Court decided that the said "Contractor's Relief Law" was unconstitutional and invalid, and on January 2, 1922, the board of commissioners made an order that, because of the invalidity of the Contractor's Relief Law, the action of the board of commissioners in releasing appellant Pass from his contract, was illegal and void, and directed the auditor to notify appellants of the board's determination, and that the said contractor should proceed with the performance of his contract. The contractor, however, failed so to do, and on February 6, 1922, the board of commissioners made an order declaring forfeited the said contract and the bond executed by him and his coappellant, and thereafter notified appellants of such forfeiture. Thereafter a new contract was let for the construction of such highway to another contractor upon his bid of $10,842. As aforesaid, this action is for the damages suffered by appellee by reason of the breach of the contract.

Appellants, both in their brief and in oral argument, have presented forceful arguments to sustain their contentions that they are discharged from the obli-

1-3. gations of the contract and the bond by the order of the board of commissioners made at its April term, 1920, releasing them therefrom. But as the court views the case, the determination of one question makes it wholly unnecessary to consider any other question presented. Under the provisions of the Contractor's Relief Act of 1919, Acts 1919 p. 475, appellants filed their petition to be relieved from the contract here involved. After due procedure, the board of commissioners, on June 2, 1919, made an order denying the petition, and refusing to release appellant Pass from the performance of his contract. Had there been no such statute, under the provisions of which the peti-

tion was filed, still the board of commissioners could by their order have denied the petition, would have been compelled so to do under the law, for, while the board had express authority to make the contract with appellant Pass, there was no authority of law, either express or implied, to release him therefrom. Being limited in its powers, the board could do nothing except what it was expressly authorized to do, along with the exercise of such implied powers as were necessary to put its express authority into effect. If its order refusing to relieve appellant Pass from his contract was because of the unconstitutionality of the act under which the petition was filed, it was, of course, a valid order the same as if there had been no such act. If it found the act to be constitutional, then, applying appellants' argument as to the second order, it had a right so to find, even though it be wrong, and still under the act to make its order denying the petition. In either event, the order was a valid order, and a final one from which appellants prosecuted an appeal through the circuit court to the Supreme Court. Such being the case, it had no authority thereafter to reverse the order. It is a familiar rule that a court of special and limited jurisdiction, such as a board of commissioners, has no power to review, retry, annul, or set aside its judgment unless the power so to do is conferred by statute. *Board, etc.,* v. *Logansport, etc., Co.* (1882), 88 Ind. 199; *Brown* v. *Goble* (1884), 97 Ind. 86; *Leary* v. *Dyson* (1884), 98 Ind. 317; *Doctor* v. *Hartman* (1881), 74 Ind. 221; *Badger* v. *Merry* (1894), 139 Ind. 631, 39 N. E. 309; *Town of Hardinsburg* v. *Cravens* (1897), 148 Ind. 1, 47 N. E. 153; *Plew* v. *Jones* (1905), 165 Ind. 21, 74 N. E. 618; *Rosencranz* v. *City of Evansville* (1924), 194 Ind. 499, 143 N. E. 593; *Kingan & Co.* v. *Buford* (1917), 65 Ind. App. 182, 116 N. E. 754; *Furness* v. *Brummitt* (1911), 48 Ind. App. 442, 95 N. E. 1114.

There was no authority of law to make the second order and it was null and void, the contract is unreleased, and appellants are liable on the bond securing the same.

Judgment affirmed.