Argued March 7, affirmed March 14, 1950

# MITCHELL v. OREGON, WASHINGTON CREDIT & COLLECTION BUREAU, INC., a corporation

215 P. (2d) 917

*Dorothy M. Martindale* and *Sidney I. Lezak* argued the cause for appellant. On the brief were Lenske, Spiegel, Spiegel & Martindale, all of Portland.

*Butler, Jack, Beckett & Holman,* of Oregon City, on brief for respondent.

Before LUSK, Chief Justice, and BRAND, BELT, ROSS-MAN, and BAILEY, Justices.

BAILEY, J.

The question presented on this appeal is whether the District Court of Clackamas County, Oregon, exceeded its jurisdiction when it set aside, without motion or hearing, a judgment in favor of defendant and entered one in favor of plaintiff.

Briefly, the facts are: Oregon, Washington Credit & Collection Bureau, Inc., instituted an action in the District Court of the State of Oregon for the County of Clackamas against Burt Mitchell to recover a sum of money alleged to have been due plaintiff from defendant. The allegations of the complaint were denied by defendant and after a hearing, and on January 6, 1948, a judgment was entered in which it was recited, among other things, that plaintiff and defendant "having offered testimony and argument of

counsel having been heard * * *'' and ''based upon the record and the testimony'', it was ordered that plaintiff ''take nothing by its complaint and that judgment be entered in favor of the defendant for his costs and disbursements''. Two days later, and on January 8, the court entered the following judgment:

''The Court having been advised that complying with defendant's motion for an order requiring plaintiff to make its complaint more definite and certain by setting forth a copy of the alleged contract between the H. L. Robinson Company and the defendant, a copy of said contract was furnished defendant although no copy was filed herein, the Court has reconsidered the judgment herein on its own motion, and it is ordered and adjudged:

''That the judgment heretofore made and entered herein be set aside and held for naught, and it is

''Further ordered and adjudged that plaintiff have judgment against defendant for the sum of $89.44 plus the sum of $271.70 together with $50.00 attorneys fees and its costs and disbursements * * *''

Thereafter, and on March 9, 1948, Burt Mitchell applied to the Circuit Court for Clackamas County for a writ of review. In his petition he alleged that petitioner contends ''that said order of the defendant Paul C. Fischer in said proceedings was erroneous and exceeded the authority of the Court in that the said defendant had no right to reverse and vacate the previous order without a hearing on the facts, and that the action of the Court in so doing was in excess of the Court's jurisdiction and was an erroneous exercise of the judicial function, all to the injury of the substantial right of the petitioner.'' A writ of review was issued, accordingly, out of the Circuit Court. The District

Judge made his return thereto and after a hearing the Circuit Court held that the action of the District Judge in setting aside the judgment in favor of defendant and entering judgment in favor of plaintiff (in the District Court) was erroneous, and ordered the judgment in favor of plaintiff vacated and reinstated the one first entered in favor of defendant. From the judgment of the Circuit Court, Oregon, Washington Credit & Collection Bureau, Inc., has appealed.

The District Court for the County of Clackamas was created by chapter 589, Oregon Laws 1947. Its jurisdiction is prescribed by § 6 of the act. Sections 8 and 9 provide as follows:

"Section 8. Civil actions in district courts shall be commenced and prosecuted to final determination and judgment enforced therein in the same manner provided in the code of civil procedure for similar actions in the circuit courts except as in this act otherwise provided.

"Section 9. The district court shall have authority to pass upon and determine all questions of law arising in the trial of a cause, including motions for nonsuit and directed verdict, motions for new trial, and to vacate judgment, and the judge, upon request of either party, shall or in his discretion may, without request charge and instruct a jury as to the law applicable to the issues involved in the trial of any cause."

Section 8 is in the identical language of the first paragraph of § 13-304, O. C. L. A., and § 9 is substantially the same as § 13-309, O. C. L. A. Sections 13-304 and 13-309 are a part of chapter 355, Laws of 1913, which chapter originally applied to cities of 100,000 population or more. § 1, Ch. 355, *supra,* § 93-401, O. C. L. A. It was, however, amended in 1947

to apply to cities of 200,000 population or more. Ch. 259, Oregon Laws 1947.

■ This court, in *Cohn v. Duntley,* 142 Or. 186, 190, 19 P. (2d) 87, in construing the 1913 enactment, held that the district court created by that act is not a court of record and "its jurisdiction does not extend beyond what is expressly conferred upon it by statute." Nor is the District Court of Clackamas County a court of record. It is a court of limited, and not of general, jurisdiction.

■ The authority to vacate or set aside its own judgments is inherently incident to all courts of record or of general jurisdiction and may be exercised without the grant of any special statutory authority. *Jackson v. United Railways Co.,* 145 Or. 546, 28 P. (2d) 836; 15 R. C. L., Judgments, § 140, p. 688. It is generally held that courts of special or limited jurisdiction have no such powers in the absence of statutes expressly granting them. 49 C. J. S., Judgments, § 265, p. 478; 31 Am. Jur., Judgments, § 716, p. 266; 15 R. C. L., Judgments, § 140, p. 689; Annotation, 60 Am. St. Rep. 633; *Pass v. State,* 83 Ind. App. 598, 147 N. E. 287; *In re Cudahy's Estate,* 196 Wis. 260, 219 N. W. 203. See also *Clubine v. City of Merrill,* 83 Or. 87, 163 P. 85.

■ District courts in Oregon, being of limited jurisdiction, have no inherent power to vacate and set aside their judgments. Appellant does not contend otherwise. It asserts, however, that statutory authority has been conferred upon the District Court of Clackamas County to vacate, on its own motion, its judgments, and, in support of its argument, mistakenly refers to §§ 13-304 and 13-309, O. C. L. A., instead of §§ 8 and 9 of chapter 589, *supra.*

There is nothing in § 8 which could be construed as granting authority to district courts to set aside their own judgments. Appellant contends that the legislature, by placing a comma after the words "new trial" and before the phrase "and to vacate judgment" in § 9, indicates an intention on its part to confer upon district courts authority to vacate judgments on their own motion. Under the provisions of § 9 the district court is granted authority to pass upon and determine all questions of law arising in the trial of a cause "including motions for nonsuit and directed verdict, motions for new trial, and to vacate judgment, and * * *." The phrase "and to vacate judgment" should be read as if there were no comma after the word "trial". It is a part of the clause beginning with the words "including motions" and can not be lifted from its context and construed separately therefrom. Moreover, it is not reasonable to assume that the legislature intended to authorize district courts "to vacate" judgments on their own motion, but to authorize them to grant a new trial only on motion of one of the litigants.

In *Sargent v. American Bank and Trust Co.,* 80 Or. 16, 42, 154 P. 759, 156 P. 431, the court said: "The intention of the legislature must be ascertained, and that intention must be pursued, if possible (Section 716, L. O. L. [§ 2-217, O. C. L. A.]), and, while punctuation marks can never control the plain meaning of a statute, still they may ofttimes be of aid in ascertaining the legislative intent (36 Cyc. 1117) ; but, on the other hand, if necessary for the purpose of discovering the true meaning of a statute, courts will disregard the punctuation, or even repunctuate: *Baker v. Payne,* 22 Or. 335, 341 (29 Pac. 787) ; *State ex rel. v. Banfield,* 43 Or. 287, 291 (72 Pac. 1093)." And in *State ex rel.*

*v. Banfield,* cited in the above quotation from the Sargent case, the court said:

"Quotation marks are marks of punctuation (Webster's Inter. Dict.), and the punctuation of an act or its title is not controlling in construing it for the purpose of ascertaining its real meaning. Says Mr. Justice Harlan, in Hammock v. Loan & Trust Co., 105 U. S. 77, 84, 'punctuation is no part of the statute,' and this court, in treating of the subject, has declared the rule to be that 'courts will, in the construction of statutes, for the purpose of arriving at the real meaning and intention of the lawmakers, disregard the punctuation, or repunctuate, if need be, to render clear the true meaning of the statute' (Baker v. Payne, 22 Or. 335, 341, 29 Pac. 787), employing very nearly the language of the court in Hamilton v. Steamboat R. B. Hamilton, 16 Ohio St. 428.  *  *  *"

■ The comma preceding the phrase "and to vacate judgment" should be disregarded and § 9 should be construed as granting authority to district courts to vacate judgments upon the motion of one of the litigants, and not otherwise. In other words, district courts are not authorized to vacate judgments on their own motion.

In setting aside the judgment in favor of defendant and entering judgment for plaintiff, the District Court exceeded its authority.

The judgment appealed from is therefore affirmed.