Argued October 6, reversed and remanded October 21, 1964

# WATSON *v.* DODSON

395 P. 2d 866

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Levin & Wilson, Portland.

*Edwin J. Peterson,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan and Goodwin, Justices.

PER CURIAM.

This is an action for damages for injuries allegedly sustained in an automobile collision. In his complaint, the plaintiff alleged a lack of due care on the part of the defendant with reference to speed, lookout, and control. The plaintiff failed to plead that the defendant was operating his automobile with defective brakes. At the trial, there was some evidence upon which the court could have instructed, and the jury could have found for the plaintiff, on the matter of defective brakes if that matter had been included in the pleadings. See *Nettleton v. James et al.,* 212 Or 375, 319 P2d 879 (1958); ORS 483.444.

The trial resulted in a verdict and judgment for the defendant. The plaintiff now appeals that judgment.

■ During the trial the plaintiff asked leave to amend his complaint to "conform to the proof." The plaintiff's request was denied. The trial court said that the allowance of an amendment that would allege a new specification of negligence was not within the discretionary power of the court. In so holding, the court clearly misconceived the role of judicial discretion. The court had ample discretionary authority to allow the amendment. *Beard v. Beard,* 232 Or 552, 376 P2d 404 (1962); *Perdue v. Pac. Tel. and Tel. Co.,* 213 Or 596, 326 P2d 1026 (1958); *Doyle v. Southern Pac. Co.,* 56 Or 495, 108 P 201 (1910).

This court must decide whether or not it was reversible error for the trial court to refuse to exercise its discretion, even though any ruling that it made would have been within the scope of its judicial discretion and not reversible upon appeal. (See *Perdue v. Pac. Tel. and Tel. Co.,* supra at 606, dictum.) Not every technical error justifies reversal. ORS 19.125 (2). If the appellate court is of the opinion that the judgment entered was the correct one under the circumstances, nothwithstanding error, it is required to affirm. Oregon Constitution, Art VII (Amended), § 3.

We have examined the transcript with care and we are not in a position to say that the error did not affect the outcome of the case to the prejudice of the plaintiff. The plaintiff would have been entitled to additional instructions, had the amendment been allowed. These instructions might have affected the jury's view of the evidence. We are, therefore, obliged to reverse the judgment. We express no opinion upon the instructions that should be given in another trial if evidence of a failure of brakes should again be presented. The matter is not before us in this appeal.

Reversed and remanded.