Argued October 8, affirmed October 20, 1965

## JOHNSON *v.* COLUMBIA-HUDSON LUMBER COMPANY ET AL,

## OREGON-WASHINGTON PLYWOOD COMPANY ET AL

406 P. 2d 790

*Donald H. Joyce,* Portland, argued the cause and filed briefs for appellant.

*George L. Wagner,* Portland, argued the cause for respondents. With him on the brief were McColloch, Dezendorf & Spears and James C. Dezendorf, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

### PER CURIAM.

This is an appeal from an order which denied plaintiff's right to reinstate this case after it had once been dismissed for want of prosecution.

The case was filed on May 8, 1963. In July 1963, an answer was filed. On October 23, 1963, the calendar clerk of the Multnomah county clerk's office sent notice to counsel advising that as soon as the case was at issue, it would be put on the calendar for trial. On January 21, 1964, pursuant to Rule 49 of the Fourth Judicial District, the court notified counsel that on March 23, 1964, a hearing would be had to determine whether or not the case should be continued or dismissed. A hearing was held and on March 25, 1964, the court entered an order continuing the case until July 1, 1964. The latter order also provided for summary dismissal if the case was not set for trial before that date. On August 3, 1964, the case was dismissed by court order. Copies of the orders of March 25 and August 3 were served on all counsel. On December 8, 1964, plaintiff moved to reinstate the case. The court refused and this appeal follows.

When the court ruled on the motion the court filed a short opinion which stated:

> "I dislike seeing a case terminated other than by a decision on the merits, and if I felt that it were within my powers to do so, I would grant plaintiff's motion to set aside the order of dismissal and reinstate.

> "However, under the circumstances I believe it would be an abuse of discretion to so do, and plaintiff's motion is therefore denied."

It is argued that because the court said that the motion to reinstate would be granted if the court had the power meant that the court had no choice. We read the judge's comment as meaning that he would consider it an abuse of his discretion if he did reinstate the case; not that he could not use that discretion.

This case is not like *Watson v. Dodson,* 1964, 238 Or 621, 395 P2d 866, where the court failed to exercise a discretionary power. Here the court did and we think properly so.

Affirmed.