Argued October 11, affirmed November 17, 1971

HOLMGREN, *Appellant, v.* WESTPORT
TOWBOAT CO., *Respondent.*

490 P2d 739

*Marvin S. Nepom,* Portland, argued the cause for appellant. With him on the briefs was Ben T. Gray, Portland.

*Jerard S. Weigler,* Portland, argued the cause for respondent. With him on the brief were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

TONGUE, J.

This is an action by a seaman for personal injuries allegedly sustained by reason of the unseaworthiness of defendant's tug. Plaintiff appeals from a judgment based upon a jury verdict for defendant.

■ Plaintiff first contends that the trial court erred in not dismissing one of the jurors on plaintiff's challenge of that juror for implied bias. It appears from the record that no such challenge was made by plaintiff before the jury was sworn, although invited by the trial judge to do so and although the facts providing the basis for the challenge were then known to plaintiff. It follows that plaintiff's challenge after the jury was sworn and following a noon recess was not timely and was properly denied. Cf. *State v. Nagel*, 185 Or 486, 507, 202 P2d 640 (1949). See also *Croley v. Owens*, 296 Ky 51, 176 SW 2d 84 (1943).

■ Plaintiff next contends that the trial court erred in refusing to give his requested instruction that the owner of a tug has a duty to provide its crew a safe place in which to work. Ordinarily, the duty of a shipowner to provide a safe place for a seaman to work is a concept more directly pertinent to an action by a seaman under the Jones Act, 46 USC § 688 (1964), which is an action based on negligence, than an action based on the unseaworthiness of a vessel, in which negligence need not be established. See 2 Norris, The Law of Seamen 197-98, 403, §§ 625, 692 (3d ed 1970), and cases cited therein.

In this case, the trial court instructed the jury that plaintiff's complaint alleged that the tug was unseaworthy in that it did not have rubber mats or treads to cover the steel deck at the place where plaintiff was working. The trial judge also gave plaintiff's requested instructions in detail describing defendant's duty to furnish seaworthy equipment, which was described as "not absolute perfection," but "reasonable fitness" for the particular kind of operation in which the ship is engaged, under the circumstances then exist-

ing. He also instructed the jury that defendant, as owner of the tug, had warranted the tug to be seaworthy and was liable for all injuries resulting if it was unseaworthy, even though he may have exercised due care and even though he had no notice or knowledge of the unseaworthy condition.

In view of that instruction, we hold that plaintiff was not prejudiced by any error in failing to give a further instruction that defendant was under a duty to provide a safe place to work. Cf. *Gentry v. States Steamship Co.*, 229 Or 233, 248-49, 366 P2d 880 (1961); and *Kinney v. General Construction Co.*, 248 Or 500, 506-7, 435 P2d 297 (1968). See also *Politte v. Vanderzee*, 91 Adv Sh 137, 139, 256 Or 461, 473 P2d 1013 (1970). In so holding, however, we do not mean to imply that such an instruction would have been either proper or improper in this case.

Plaintiff's final contention is that the trial court erred in instructing the jury that it was bound by the finding of fact made by a federal court in an action for maintenance and cure by plaintiff against the same defendant and arising out of the same incident. The findings were that although at that time plaintiff "strained his back to some extent," his injury was "not disabling to the extent that he was required to quit his work for the purpose of receiving medical attention"; that four months later plaintiff was also disabled "as a result of some other cause" and that he had "failed to establish by a preponderance of * * * credible evidence that his disability resulted from an injury which would have entitled him to payment of maintenance and cure at the expense of his employer."

Plaintiff contends that in order for the rule of collateral estoppel to apply, in accordance with require-

ments as recently stated by this court in *Bahler v. Fletcher*, 257 Or 1, 474 P2d 329 (1970), a finding by the court in the other action must not only be on a common issue, but upon "a particular issue or determinative fact which was *necessary* to the prior decision." Thus, he contends that the right of a seaman to maintenance and cure is a quasi-contractual right which may be discharged by "the refusal of a seaman of proffered care and treatment" and that the denial of plaintiff's claim for maintenance and cure by the federal court was based upon a finding that he was informed of and declined to avail himself of United States Public Health Service, with the result that the further findings (as read to the jury in this case) were "surplusage" and not "necessary" to the denial by the federal court of plaintiff's claim for maintenance and cure.

Defendant contends, on the other hand, that a distinction must be made between a claim for "cure" (medical expenses) and a claim for "maintenance" (payment for board and lodging while disabled). There is also some authority to support the contention that a rejection of free medical service by the USPHS is a defense only to a claim for "cure" and is not a defense to a claim for "maintenance." *Roberson v. S/S American Builder*, 265 F Supp 794 (ED Va 1967), and *Rodgers v. United States Lines Co.*, 189 F2d 226, 229 (4th Cir 1951). See also *Covert v. Centennial Queen*, 185 F Supp 552 (D Or 1960). Thus, it is contended that a finding of rejection of USPHS medical service could not have been a defense to plaintiff's claims for maintenance, with the result that the finding of lack of disabling injury was necessary to a denial of that claim.

Plaintiff contends, however, that a rejection of

USPHS services is a defense to a claim for both maintenance and cure. See *Kossick v. United Fruit Co.*, 365 US 731, 81 S Ct 886, 6 L ed 2d 56 (1961); and *United States v. Johnson*, 160 F2d 789, 798 (9th Cir 1947). See also cases cited in The Law of Seamen, *supra*, 136, § 596.

It is not necessary for this court to decide that question in this case because we have concluded that the finding by the trial court in plaintiff's previous action for maintenance and cure that he had failed to prove that he had suffered a disabling injury on May 5, 1963, was just as "necessary" to the denial of plaintiff's claim in that case as its finding that he had rejected the free medical services of the USPHS.

It should also be noted that although this court in *Bahler v. Fletcher, supra,* at 23, defined "collateral estoppel" as a "rule preventing relitigation of a particular issue or determinative fact which was *necessary* to the prior decision of a different cause of action," other decisions by this court (including some cited in *Bahler,* at 23) state that the rule applies to all issues *"actually or necessarily"* litigated in the previous case. See *State v. Dewey,* 206 Or 496, 508, 292 P2d 799 (1956); *Burnett v. Western Pac. Ins. Co.,* 255 Or 547, 556, 469 P2d 602 (1970).[①]

Where the decision of a trial court is based upon two findings of fact, either of which is sufficient as a basis for that decision, we cannot assume that either of such findings was any less "necessary" than the other to such a decision, at least in the absence of some showing to the contrary, of which there was none in this case.

---

[①] For a fact to be "actually" litigated in this sense it would appear that the fact must be one that is relevant to an issue in the case.

■ It is true that a party who relies upon the doctrine of collateral estoppel based upon a finding in a previous action in which more than one issue was litigated and decided has the burden to show that such a finding was necessary to the decision in the previous case. Cf. Restatement, Judgments 306, § 68, comments k, l, n and o (1942). Perhaps the best method of doing so would be to allege and offer both the pleadings and judgment in the previous case, as well as the findings of fact, if any.

■ Where, however, such a party does not allege the pleadings in detail, but where, as in this case, he alleges the nature of the previous action and the findings of fact as made in that action, we hold that, depending upon the nature of such findings of fact, such a party may be able to make at least a prima facie showing that a particular finding of fact was "necessary" to a decision in the previous case (or was "actually or necessarily" litigated in that case). In such an event, the trial court may properly accept such a showing, at least in the absence of a showing by the other party to the contrary. Restatement, Judgments, *supra,* 306, § 68, comment k.

■ In this case, we hold that the findings of fact in the previous case were sufficiently specific so as to constitute such a prima facie showing that both of the findings entered by the trial court in that case not only involved issues that were "actually decided" in that case, but issues which were equally "necessary" to its decision in that case. No showing to the contrary was made by plaintiff in this case. Accordingly, we hold that the finding of fact by the trial judge in plaintiff's previous action for maintenance and cure that although he "strained his back to some extent" on May 5, 1963, he failed to prove that he suffered any

452

disabling injury, was a finding on an issue that was both "actually" and "necessarily" decided in that case for the purposes of collateral estoppel in this case.⑩

Plaintiff also contends that his action for maintenance and cure was "quasi-contractual" in nature, whereas his claim in this case for damages for unseaworthiness "sounds in tort" and that one of such actions is not a bar to the other, but that they are independent and cumulative remedies. On oral argument, and for the first time, plaintiff also contended that the instructions relating to the findings by the trial judge in the previous case were improper because such findings were not contended by defendant to con-

⑩ Although we base our decision on the question of "necessity" on these grounds, it is of interest to note that the trial court file in this case includes copies of plaintiff's libel against this same defendant for maintenance and cure and the pretrial order in that case, as well as a transcript of the oral opinion of the trial judge and the complete findings of facts and conclusions of law in that case. Copies of these documents were attached as exhibits to previous pleadings by defendant in this case. .

It appears from that pretrial order that the issues presented for decision in that action included an issue arising from defendant's denial of plaintiff's contention that he suffered a disabling injury so as to entitle him to maintenance and cure, as well as an issue arising from defendant's affirmative contention that plaintiff's entire claim for both maintenance and cure was barred by his rejection of the free medical services provided through the United States Public Health Service.

It also appears from the transcript of the oral opinion by the trial judge in that case that the primary basis for his decision denying plaintiff's claim was his finding that although plaintiff was disabled after September 1963 (for which he had made a separate claim against an insurance company) and although he did "strain his back to some extent" on May 5, 1963, plaintiff had "failed to establish by a preponderance of the credible testimony that his disability resulted from an injury that would entitle him to payment of maintenance at the expense of his employer," (i.e., that he suffered no disabling injury as a result of the incident on May 5, 1963, which is also the subject of his claim for personal injuries in this case).

stitute a complete defense in this case and because the instructions were confusing to the jury.

■ It is not necessary, however, to decide the questions raised by these contentions because at the time of trial no exceptions on any of such grounds were taken by plaintiff to the instruction which is the subject of plaintiff's assignment of error on this appeal. As held in *Ira v. Columbia Food Co.*, 226 Or 566, 360 P2d 622 (1961), at 573, when no exception is taken to an instruction given to the jury, there is no reviewable question before this court.

For all of these reasons, we hold that the trial court did not err in its instruction to the jury by which it was informed of findings of fact in the previous action between the same parties and was instructed that "the foregoing facts are conclusive and must be accepted by the jury."

Since we thus affirm the judgment of the trial court, as entered on the jury verdict for defendant, it is not necessary to consider the question raised by defendant on cross-appeal.

Affirmed.

McALLISTER, J., concurs in the result.