Argued July 5, reversed and remanded November 10, 1972

BAILEY, *Appellant, v.* STEELE, *Respondent.*

502 P2d 586

*Ferris F. Boothe,* Portland, argued the cause for appellant.

No appearance by respondent.

TONGUE, J.

This is an appeal from an order denying plaintiff's motion to set aside a default judgment against defendant in a personal injury case.

In our previous decision in *Bailey v. Universal Underwriters Ins.,* 258 Or 201, 474 P2d 746 (1970), we held that plaintiff was not entitled to recover against defendant Steele's insurer for the reason, among others, that Steele had failed to cooperate with the insurance company and that, as a result, it had been prejudiced by the entry of the default judgment against Steele. Following the filing of plaintiff's motion to set aside that default judgment, defendant Steele filed a "Consent to Entry of Order Setting Aside Default Order and Judgment."

The trial judge, in a memorandum opinion, stated that he "* * * would be inclined to grant [plain-

tiff's] motion if this Court had the discretionary authority to do so, * * *" but denied the motion on the ground that it had no jurisdiction or authority to set aside the default judgment and that defendant's consent did not confer such jurisdiction upon the court.

We hold that the trial court erred in holding that it had no jurisdiction to set aside the default judgment in this case upon motion of the plaintiff and consent of the defendant. ORS 15.030 provides that "[f]rom the time of the service of the summons * * * the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings * * *." It has been held by this court that the authority of a court to vacate or set aside its own judgments is an inherent power of all courts of record or of general jurisdiction and may be exercised without any special statutory authority. *Mitchell v. Or., Wn., Credit & Coll. Bur.,* 188 Or 389, 393, 215 P2d 917 (1950).[1]

In past years this inherent power of a court could be exercised only during the same term of court. *Miller v. Miller,* 228 Or 301, 304, 365 P2d 86 (1961), and *Koennecke v. Koennecke,* 239 Or 274, 397 P2d 203 (1964). In 1959, however, this limitation was removed by the adoption of ORS 1.055, which provides that "* * * the existence or nonexistence of a term of court has no effect on the duties and powers of the court," if done "* * * within a reasonable period of time."

---

[1] The authority of the court to set aside a former judgment as an exercise of its inherent power is separate from and in addition to the authority conferred upon the courts by ORS 18.160 to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, which must be done "within one year after notice thereof." 1 Freeman, Judgments (5th ed) 420-21, § 216.

*See Miller v. Miller, supra* at 305, and *Koennecke, supra* at 276.[2]

In *Miller v. Miller, supra* at 305, we said that in such a case:

> "What is a reasonable time is ordinarily a matter within the discretion of the trial court. Whether or not there has been an abuse of discretion depends upon all of the facts of the case. \* \* \*"

In this case, as previously stated, the trial judge denied defendant's motion to set aside the default judgment upon the ground that he had no "discretionary authority" or jurisdiction to do so. It does not appear, however, whether the trial judge reached that conclusion because he was of the opinion that plaintiff's motion to set aside this default judgment was not made within a reasonable time, as a matter of law.

Although this court has not had occasion to consider the reasonableness of delays as long as that involved in this case, other courts have held that delays of several months or years in making applications to set aside judgments may not be unreasonable, depending upon the circumstances, although under quite different facts. See *United Accounts, Incorporated v. Lantz,* 145 NW2d 488, 493 (N Dak 1966); *Marquez v. Rapid Harvest Co.,* 99 Ariz 363, 409 P2d 285, 287-88 (1965); *Klapprott v. United States,* 335 US 601, 69

---

[2] After expiration of the term of court, it was generally held that a court had no power to set aside a former judgment except under limited circumstances, such as in cases in which the judgment was void. Cf. Finch et al v. Pacific Reduction etc. Co., 113 Or 670, 675-76, 234 P 296 (1925), and Dugger et ux v. Lauless, 216 Or 188, 196-97, 338 P2d 660 (1959). In this case, however, we need not consider the effect upon such cases of the 1959 Amendment of ORS 1.055 because appellant does not contend that the judgment was void and contends that application was made to set aside the judgment "within a reasonable period of time."

S Ct 384, 93 L ed 2d 266 (1949). Cf. 1 Restatement 625, Judgments § 129(b), Comment *e*.

■ This default judgment was entered on May 13, 1968, while the motion to set it aside was not filed until June 4, 1971. It appears, however, that this three-year interval was almost entirely occupied by plaintiff's action to enforce that judgment, by the appeal in that case, which resulted in our previous decision in *Bailey v. Universal Underwriters Ins., supra,* and by plaintiff's motions for a rehearing and reconsideration of that decision. Plaintiff's final motion for reconsideration was denied on March 17, 1971. *Bailey v. Universal Underwriters Ins.,* 258 Or 229, 482 P2d 158 (1971). Plaintiff's motion to set aside the default judgment was filed four months later, on June 4, 1971. Under the circumstances of this case, we believe that the trial judge in this case at least had jurisdiction to consider whether, within its discretion, plaintiff's motion was filed "within a reasonable period of time."[9]

■■ Although the trial court thus had jurisdiction, in the exercise of its inherent power, to consider plaintiff's motion to set aside the default judgment in this case, the question remains whether there were good and sufficient reasons for the exercise of such powers.

---

[9] As previously stated, the exercise by a court of its inherent authority to vacate or set aside its own judgment at least if done within a reasonable time after the entry of that judgment, is not dependent upon statutory authority. Mitchell v. Or., Wn., Credit & Coll. Bur., 188 Or 389, 393, 215 P2d 917 (1950). Nevertheless, it is obvious that good and sufficient reasons must be shown before a court, in the exercise of such discretionary authority, will vacate or set aside a judgment, otherwise there would be an abuse of such a discretionary power. When, however, a court is called upon to set aside a default judgment under ORS 18.160, the requirements of that statute must be satisfied.

In this case, however, it appears that the trial court did not reach that question, but declined to exercise its discretion under the mistaken belief that it had no power to set aside the default judgment in this case.

It is generally held that when a trial court fails or refuses to exercise a discretion vested in it, as on the ground of a lack of power, and whenever it is possible to correct the situation by ordering the trial court to exercise its discretion, the appellate court will not undertake to exercise a discretionary power vested in the trial court, but will remand the case in order that such discretion may then be exercised by the trial court. See *Paschong v. Hollenbeck,* 13 Wis 2d 415, 108 NW2d 668, 672-73 (1961); *Capps v. Lynch,* 253 NC 18, 116 SE2d 137, 141 (1960); *Phillips v. Brandt,* 231 Minn 423, 43 NW2d 285, 291 (1950); *State v. Wynne,* 356 Mo 1095, 204 SW2d 927, 931 (1947). Cf. *Watson v. Dodson,* 238 Or 621, 395 P2d 866 (1964), and *Perdue v. Pac. Tel & Tel Co.,* 213 Or 596, 606, 326 P2d 1026 (1958).

■ We therefore remand this case to the trial court with instructions that the trial judge consider all of the circumstances of this case and then decide whether, in the exercise of his discretion, the default judgment should be set aside.④ In doing so, the trial judge may consider not only the question whether plaintiff's motion was filed "within a reasonable period of time," but also whether, under all of the circumstances, plaintiff has shown good and sufficient reasons to set aside the default judgment. If the record in this case were so clear that anything other than one result would be

④ Cf. Wells v. Wells, 262 Or 44, 496 P2d 718 (1972), and Burke v. Rachau, 262 Or 323, 497 P2d 1154 (1972). See also Yundt v. D & D Bowl, Inc., 259 Or 247, 486 P2d 553 (1971).

an abuse of discretion, we might undertake to decide these questions at this level. Unfortunately, we do not believe that the record is so clear as to compel such a result, and therefore leave them for decision by the trial court in the exercise of its sound discretion.

In remanding the case for this purpose to the trial court, we do not mean to hold that if the default judgment is set aside and the case set for trial on its merits, plaintiff would, or would not, then be able to offer evidence sufficient to entitle her to recover a judgment that could be enforced in another action against defendant's insurer, Universal Underwriters Insurance Company, in view of the limitations imposed upon such a recovery by our previous decision in *Bailey v. Universal Underwriters Ins.*, 258 Or 201, 474 P2d 746 (1970).[9]

Reversed and remanded.

McALLISTER, J., dissenting.

In my opinion three years is an unreasonable time, as a matter of law, for plaintiff to wait before asking a court to set aside a default judgment entered in her favor and on her motion. This is especially true when she spent the three-year period attempting to

---

[9] The trial court, as an additional reason for denying plaintiff's motion to vacate the default judgment, held that plaintiff, by previously bringing an action against the insurance company, had made a binding election of remedies. As stated by this court in Johnson v. Dave's Auto Center, 257 Or 34, 39-40, 476 P2d 190 (1970), the selection of a remedy that is not available does not bar later resort to an available remedy, but the doctrine of election of remedies is often confused with that of collateral estoppel and res judicata. Under the present state of the record on plaintiff's motion in this case, however, we do not believe that this court can properly consider such questions. Cf. Bahler v. Fletcher, 257 Or 1, 474 P2d 329 (1970), and Holmgren v. Westport Towboat Co., 260 Or 445, 490 P2d 739 (1971).

enforce the judgment and moved to set it aside only when her efforts to collect the judgment proved unavailing.

Until ORS 1.055 was enacted in 1959 a trial court had the power to modify or vacate its own valid judgments and decrees only within the term of court during which the judgment or decree was entered, except as specifically provided by statute. *Finch v. Pacific Reduction etc. Co.,* 113 Or 670, 675, 234 P 296 (1925). ORS 1.055 provides as follows:

"(1) A term of court is a period of time appointed for the convenient transaction of the business of the court. The existence or nonexistence of a term of court has no effect on the duties and powers of the court.

"(2) Notwithstanding that an act is authorized or required to be done before, during or after the expiration of a term of court, it may be done within a reasonable period of time."

This statute was enacted at the request of the Legislative Interim Committee on Judicial Administration.① When it was enacted the longest circuit court term in this state was seven months and most were much shorter. See ORS 4.110 to 4.270. The brevity of the statutory terms of court is indicative of the legislative intent in substituting a reasonable time for the doing of an act which formerly could only have been done within the term.

The majority opinion cites *Miller v. Miller,* 228 Or 301, 365 P2d 86 (1961) and *Koennecke v. Koennecke,* 239 Or 274, 397 P2d 203 (1964). In *Miller* the motion

---

① Report of Legislative Interim Committee on Judicial Administration, January 1959, Part I, Organization and Operation of the Courts.

to set aside the decree was filed 27 days after the decree was entered and three days after the term had expired. In *Koennecke* the decree was entered on August 8, 1963, and the amendment was entered on September 13, 1963. These cases hardly authorize the filing of a motion to vacate a judgment more than three years after the entry of the judgment when the judgment has been entered in favor of the moving party and at her request; when she had attempted for three years to enforce the judgment and only when she was unsuccessful asked to have it vacated so that she would not be hampered thereby.

In my view the judgment of the trial court should be affirmed.