Argued June 5, affirmed August 7, 1975

# LEE ET AL, *Respondents, v.* UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant.*

538 P2d 359

*Bernard Stea,* Portland, argued the cause for appellant. On the briefs were Walter J. Cosgrave, James H. Gidley, and Cosgrave & Kester, Portland.

*William F. Schulte,* Portland, argued the cause and filed a brief for respondents.

HOLMAN, J.

Plaintiffs, who are contractors, brought this action against defendant, plaintiffs' liability insurance carrier, upon their policy of insurance. They sought recovery of their expenses which were incurred in repairing flood damage to a building which plaintiffs constructed and sold to others and for the cost of re-

placing certain personal property damaged by the flood waters. Defendant appeals from a judgment entered for plaintiffs pursuant to a jury verdict.

Plaintiffs built an apartment house and sold it to Galton and Numrich. The building was completed and released to the purchasers in June. The following December the premises were flooded. An inspection disclosed that when the Portland General Electric Company (PGE) had installed an underground electrical connection, it broke a drainage pipe and failed to repair it properly. As a result, the drainage system clogged and there was damage to some apartments and to personal property therein. Plaintiffs repaired the damage, replaced the personal property, and presented the bill for their expenses to their liability carrier, the defendant, upon the basis that plaintiffs were legally liable to Galton and Numrich for the flooding because of plaintiffs' negligence. This claim is the basis for the present case. Defendant denied that plaintiffs had been negligent and that defendant was responsible under its policy.

Galton and Numrich also had had a claim for loss of rentals which they alleged had been caused by the flooding, which claim plaintiffs did not pay. As a result, Galton and Numrich brought an action against plaintiffs for the rentals, whereupon plaintiffs were successfully defended by defendant, plaintiffs' insurer. This case was tried prior to the trial of the present case.

■■ Defendant first contends the trial court erred in failing to hold that plaintiffs were collaterally estopped by the judgment in the first case from contending that plaintiffs had negligently caused the flooding. The complaint, verdict and judgment order of the first case are the only records of that case which are in evidence here. It is impossible to determine from these documents the basis upon which the jury found for

the present plaintiffs in the first case; i.e., whether it found that plaintiffs were not negligent or that Galton and Numrich had suffered no rental loss. A party who asserts collateral estoppel based upon a finding concerning a specific issue in a previous action wherein more than one issue was litigated has the burden of showing that such finding was necessary to the decision in the previous case. *Holmgren v. Westport Towboat Co.*, 260 Or 445, 451, 490 P2d 739 (1971). Also see *Jones v. Flannigan*, 270 Or 121, 128, 526 P2d 543 (1974). Because defendant has failed to make such a showing collateral estoppel cannot apply.

■ Defendant argues that the testimony of plaintiffs' witness in the present case demonstrates that Galton and Numrich did suffer a rental loss and that when the decision in the first case is coupled with such testimony in the present one, collateral estoppel is established. Defendant cites no case in point to substantiate its argument. Since the testimony of plaintiffs' witness in the present case reveals nothing concerning the testimony given in the first case, we cannot assume that it was the same as the testimony here, or that, if it was, the jury in the first case believed it and used it as the basis for its decision. Under such circumstances collateral estoppel cannot be applied.

■ Defendant next contends there was insufficient evidence of plaintiffs' negligence to submit that question to a jury and that the trial court erred in so submitting it. One of the respects in which plaintiffs alleged they had been negligent was their failure to test the drain before releasing the building to Galton and Numrich. One of the plaintiffs testified:

"Q.  Mr. Lee, did you make any effort to check this drain before you delivered the property to Galton and Numrich?

"A.  Not after it had been cut, no.

"Q. I see.

It is a usual or ordinary practice of builders to check things like that before they deliver a quarter-of-a-million-dollar property to the purchaser?

"A. It would be customary to check these, yes.

"Q. Is this something you folks just overlooked or was there some reason you didn't check?

"A. Well, just to be truthful, I trusted that PGE did an excellent job, patching.

"Q. You have had this happen before, have you?

"A. Oh, yes. They have cut our lines before but they have always done—the times that I have checked them, it has always been successful in their patch work."

Defendant contends that, as a matter of law, plaintiffs' failure to check the drains could not constitute negligence because the witness testified that previous checks of PGE's work had caused plaintiffs to assume that the drains had been properly repaired. However, in view of the testimony that PGE had previously damaged drains plaintiffs had constructed and that it was customary for a seller-builder to check the drains in any event before releasing the building to a purchaser, we believe it was a jury question whether plaintiffs were negligent in failing to inspect the drains.

■ As a last assignment of error, defendant claims the trial court should not have given the following instruction:

"It is immaterial for the purpose of your consideration of the issues in this case whether the PGE or their subcontractor hired by PGE or a subcontractor hired by plaintiffs were also negligent, even if such negligence was far more productive of loss than the negligence of the plaintiffs."

The instruction was excepted to as being a comment on the evidence. It stated that if others were negligent along with plaintiffs, the negligence of such others did not absolve plaintiffs from responsibility even though their negligence was more productive of loss than plaintiffs' negligence. Perhaps the wording could have been improved upon, but the instruction was a correct statement of the law and did not comment upon the value or weight of any evidence. Also, it was accompanied by other instructions which informed the jury that plaintiffs had the burden of proving they were legally liable to Galton and Numrich.

The judgment of the trial court is affirmed.